**NTCAPR, JNTADMN, APPEAL**

CA 05 009T

## United States Bankruptcy Court
## District of Rhode Island (Providence)
## Bankruptcy Petition #: 1:04-bk-10682

*Assigned to:* Judge Arthur N. Votolato
Chapter 11
Voluntary
Asset

*Date Filed:* 03/03/2004

**Louis A. Gencarelli, Sr.**
2 Kidds Way
Watch Hill, RI 02891
SSN: xxx-xx-2343
***Debtor***

represented by **Christopher M. Mulhearn**
Ferrucci Russo PC
55 Pine Street 4th Floor
Providence, RI 02903-2841
(401) 455-1000
Fax : 455-7778

**Joseph P. Ferrucci**
Ferrucci Russo PC
55 Pine Street 4th Floor
Providence, RI 02903
(401) 455-1000
Fax : 455-7778

**Leonard DePasquale**
US Trustee's Office
Room 910
10 Dorrance Street
Providence, RI 02903
(401) 528-5551
***U.S. Trustee***

**Creditors' Committee**
***Creditor Committee***

represented by **D. Ethan Jeffery**
Hanify & King
Professional Corporation
One Beacon Street
Boston, MA 02108-3107
(617)226-3410
Fax : (617)556-8985
Email: dej@hanify.com

By

| Filing Date | # | Docket Text |
|---|---|---|
| 03/03/2004 | 1 | Chapter 11 Voluntary Petition. Fee Amount $839.00 Filed by Louis A. Gencarelli Sr. Government Proof of Claim due by 8/30/2004. |



1

| | | |
|---|---|---|
| | | (Moone, Patrice) (Entered: 03/03/2004) |
| 03/03/2004 | 2 | Notice of Missing Documents and Notice of Dismissal if Documents Are Not Timely Filed. (related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Louis A. Gencarelli). To view the specific items listed in the Missing Documents Notice, click on the document number for this entry. Missing Documents Due By: 3/18/2004. (Moone, Patrice) (Entered: 03/03/2004) |
| 03/03/2004 | 3 | Receipt Number 59067, Fee Amount $839.00 (related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Louis A. Gencarelli. (Moone, Patrice) (Entered: 03/03/2004) |
| 03/03/2004 | 4 | Chapter 11 Order and Notice. Section 105 Status hearing to be held on 3/16/2004 at 09:30 AM at 6th Floor Courtroom. Application to Employ Due by: 4/2/2004. Status Check re: Scheduling of 341 Meeting: 3/23/2004. (Davis, Jennifer) (Entered: 03/03/2004) |
| 03/03/2004 | 5 | Notice of Appearance and Request for Notice Filed by William J. Delaney on behalf of RDW Group, Inc.. (Delaney, William) (Entered: 03/03/2004) |
| 03/03/2004 | 6 | Notice of Appearance and Request for Notice Filed by William J. Delaney on behalf of RDW Group, Inc.. (Delaney, William) Modified text on 3/4/2004 (Venuti, Jody). Additional attachment(s) added on 3/4/2004 (Venuti, Jody). (Entered: 03/03/2004) |
| 03/04/2004 | | Terminate Document - ECF Error. **No signature on certificate of service**. Document must be resubmitted (related document(s)5 Notice of Appearance and Request for Notice filed by Creditor RDW Group, Inc.). (Davis, Jennifer) (Entered: 03/04/2004) |
| 03/04/2004 | | ECF Corrective Entry: Document had the incorrect case number on it. Case number was corrected by the court and image was replaced (related document(s)6 Notice of Appearance and Request for Notice filed by Creditor RDW Group, Inc.). (Davis, Jennifer) (Entered: 03/04/2004) |
| 03/05/2004 | 7 | BNC Certificate of Mailing - PDF Document. Service Date 03/05/2004. (Related Doc # 4) (Admin.) (Entered: 03/06/2004) |
| 03/08/2004 | 8 | Notice of Appearance and Request for Notice Filed by Richard Nadeau Jr. and James R. Simmons on behalf of UPS Capital Business Credit. (Davis, Jennifer) (Entered: 03/08/2004) |
| 03/08/2004 | 9 | Letter filed by U.S. Trustee Leonard DePasquale scheduling the Section 341 meeting for 3/31/04 at 10:00 a.m. (Davis, Jennifer) |

| | | |
|---|---|---|
| | | (Entered: 03/08/2004) |
| 03/08/2004 | 10 | Meeting of Creditors 341(a) meeting to be held on 3/31/2004 at 10:00 AM at United States Trustee's Office. Proof of Claims due by: 6/1/2004. (Davis, Jennifer) (Entered: 03/08/2004) |
| 03/08/2004 | 11 | Notice of Appearance and Request for Notice Filed by Andrew S. Richardson on behalf of BE NETWORK ACQUISITION, LCC. (Richardson, Andrew) (Entered: 03/08/2004) |
| 03/08/2004 | 12 | Notice of Appearance and Request for Notice Filed by Theodore Orson and Max Wistow on behalf of George Cioe. (Davis, Jennifer) (Entered: 03/09/2004) |
| 03/09/2004 | 13 | Notice of Appearance and Request for Notice Filed by Brian J. Lamoureux and William M. Dolan III on behalf of Washington Trust Company (The). (Davis, Jennifer) (Entered: 03/09/2004) |
| 03/10/2004 | 14 | BNC Certificate of Mailing - PDF Document. Service Date 03/10/2004. (Related Doc # 10) (Admin.) (Entered: 03/11/2004) |
| 03/11/2004 | 15 | Motion For Order (A) Approving the Bid and Auction Procedures for Sale of Debtors Operating Business Assets and Related Real Estate pursuant to Bankruptcy Code Sec. 363; (B) Approving Break-up Fee; (C) Scheduling Hearing re: Items (i) through (viii) and (D) Approving Form and Manner of Notice Thereon Filed by Debtor Louis A. Gencarelli Sr. Objections to Motion Due 3/15/04. (Attachments: #(1) Exhibit A, #(2) Exhibit A to Exhibit A, #(3) Exhibit B to Exhibit A, #(4) Exhibit B, #(5) Exhibit A to Exhibit B, #(6) Exhibit B to Exhibit B, #(7) Exhibit C to Exhibit B) (Davis, Jennifer) **Motion to Shorten Time pending** (Hearing scheduled for 3/16/04 -- hearing previously scheduled for Bess Eaton at 3/2/04 hearing) (Filed on 3/5/04) (Entered: 03/11/2004) |
| 03/11/2004 | 16 | Motion to Shorten Time to 3/15/04 at 2:00 p.m. to object filed by Debtor Louis A. Gencarelli Sr. (related document(s)15 Motion For Order (A) Approving the Bid and Auction Procedures for Sale of Debtors Operating Business Assets and Related Real Estate pursuant to Bankruptcy Code Sec. 363; (B) Approving Break-up Fee; (C) Scheduling Hearing re: Items (i) through (viii) and (D) Approving Form and Manner of Notice Thereon filed by Debtor Louis A. Gencarelli). Objections to Motion Due: 3/12/2004. (Filed on 3/5/04) (Davis, Jennifer) (Entered: 03/11/2004) |
| 03/11/2004 | 17 | Proposed Order Filed by Debtor Louis A. Gencarelli Sr. (related document(s)15 Motion For Order (A) Approving the Bid and Auction Procedures for Sale of Debtors Operating Business Assets and Related Real Estate pursuant to Bankruptcy Code Sec. 363; (B) |

| | | |
|---|---|---|
| | | Approving Break-up Fee; (C) Scheduling Hearing re: Items (i) through (viii) and (D) Approving Form and Manner of Notice Thereon filed by Debtor Louis A. Gencarelli). Status Check Due by: 3/16/2004. (Attachments: #(1) Exhibit A, #(2) Exhibit B, #(3) Exhibit C) (Filed on 3/5/04) (Davis, Jennifer) (Entered: 03/11/2004) |
| 03/11/2004 | 18 | Motion For Authority For Order (A) Approving Sale of Debtor's Operating Business Assets and Related Real Estate pursuant to 11 U.S.C. Sec. 363; (B) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and the Rejection of Certain Unexpired Leases pursuant to 11 U.S.C. Sec. 365; (C) Establishing Bar Date for Filing Rejection Claims; (D) Authorizing Bess Easton to Obtain Secured Credit and Gencarelli to Guarantee Same and Affirming Gencarelli Guarantee of Payment to Bess Eaton Creditors pursuant to 11 U.S.C. Sec. 364; (E) Exempting Transfers from Sales, Use, Transfer or Documentary Tax; (F) Waiving 10-day Stay of Bankruptcy Rule 6004(g) and (G) Authorizing Payment of Secured Claims at Sale Closing Filed by Debtor Louis A. Gencarelli Sr. ***The objection deadline will be determined at March 16, 2004 hearing*** (Attachments: #(1) Exhibit A pp. 1-50, #(2) Exhibit A pp. 51-100, #(3) Exhibit A pp. 101-150, #(4) Exhibit A pp. 151-201, #(5) Exhibit A pp. 202-208, #(6) Exhibit B, #(7) Exhibit B1, #(8) Exhibit C, #(9) Exhibit D, #(10) Exhibit E (Proposed Order)) (Filed on 3/5/04) (Davis, Jennifer) (Entered: 03/11/2004) |
| 03/11/2004 | 19 | Hearing Set (re: 15 Motion For Order (A) Approving the Bid and Auction Procedures for Sale of Debtors Operating Business Assets and Related Real Estate pursuant to Bankruptcy Code Sec. 363; (B) Approving Break-up Fee; (C) Scheduling Hearing re: Items (i) through (viii) and (D) Approving Form and Manner of Notice Thereon filed by Debtor Louis A. Gencarelli). Hearing scheduled for 3/16/2004 at 09:30 AM at 6th Floor Courtroom. (Notice previously sent out on 3/8/04 in Bess Eaton case) (Davis, Jennifer) (Entered: 03/11/2004) |
| 03/12/2004 | 20 | Notice of Appearance and Request for Notice Filed by Mary DeNevi, Edwin E. Smith and Edward J. Bertozzi Jr. on behalf of Tim Hortons (New England), Inc. (Filed on 3/10/04) (Davis, Jennifer) (Entered: 03/12/2004) |
| 03/12/2004 | 21 | Motion to Appear Pro Hac Vice by Mary DeNevi, *Local Counsel Edward J. Bertozzi, Jr.* Filed by Interested Party Tim Hortons (New England), Inc. (Filed on 3/10/04) (Davis, Jennifer) (Entered: 03/12/2004) |
| 03/12/2004 | 22 | Motion to Appear Pro Hac Vice by Edwin E. Smith, *Local Counsel Edward J. Bertozzi, Jr.* Filed by Interested Party Tim Hortons (New England), Inc. (Filed on 3/10/04) (Davis, Jennifer) (Entered: |

| | | |
|---|---|---|
| | | 03/12/2004) |
| 03/12/2004 | 23 | Certificate of Service (related document(s)21 Motion to Appear Pro Hac Vice filed by Interested Party Tim Hortons (New England), Inc. AND 22 Motion to Appear Pro Hac Vice filed by Interested Party Tim Hortons (New England), Inc.). (Filed on 3/10/04) (Davis, Jennifer) (Entered: 03/12/2004) |
| 03/12/2004 | 24 | Notice of Appearance and Request for Notice Filed by Richard S. Mittleman on behalf of First Union Trade Bank. (Filed on 3/10/04) (Davis, Jennifer) (Entered: 03/12/2004) |
| 03/12/2004 | 25 | CORRECTED Notice of Appearance and Request for Notice Filed by Richard S. Mittleman on behalf of First Trade Union Bank. (Filed on 3/11/04) (Davis, Jennifer) (Entered: 03/12/2004) |
| 03/12/2004 | 26 | Motion for 2004 Examination Filed by Creditor George Cioe. Objections to Motion Due: 3/24/2004. (Attachments: #(1) Exhibit A, #(2) Exhibit B, #(3) Exhibit C, #(4) Exhibit D) (Filed as a three-part motion with doc 27) (Filed on 3/11/04) (Davis, Jennifer) (Entered: 03/12/2004) |
| 03/12/2004 | 27 | Motion to Compel Production of Documents AND For Relief from Confidentiality Order Filed by Creditor George Cioe. Objections to Motion Due: 3/24/2004. (Attachments: #(1) Exhibit A, #(2) Exhibit B, #(3) Exhibit C, #(4) Exhibit D) (Filed as a three-part motion with doc 26) (Filed on 3/11/04) (Davis, Jennifer) (Entered: 03/12/2004) |
| 03/12/2004 | 28 | Motion To File Affidavits Under Seal Filed by Creditor George Cioe. Objections to Motion Due: 3/24/2004. (Attachments: #(1) Proposed Order) (Filed 3/11/04) (Davis, Jennifer) (Entered: 03/12/2004) |
| 03/12/2004 | | Oral Response/NO OBJECTION filed by U.S. Trustee Leonard DePasquale to (related document(s)16 Motion to Shorten Time filed by Debtor Louis A. Gencarelli). (Davis, Jennifer) (Entered: 03/12/2004) |
| 03/12/2004 | | Oral Response/NO OBJECTION by Ethan Jeffries (Attorney to Creditors' Committee) (related document(s)16 Motion to Shorten Time filed by Debtor Louis A. Gencarelli). (Per attorney, will file with Clerk's office) (Davis, Jennifer) (Entered: 03/12/2004) |
| 03/13/2004 | 29 | BNC Certificate of Mailing - PDF Document. Service Date 03/13/2004. (Related Doc # 19) (Admin.) (Entered: 03/14/2004) |
| 03/15/2004 | 30 | Hearing Set (re: 16 Motion to Shorten Time to 3/15/04 at 2:00 p.m. to object to doc 15 filed by Debtor Louis A. Gencarelli Sr.. Hearing |

| | | |
|---|---|---|
| | | scheduled for 3/16/2004 at 09:30 AM at 6th Floor Courtroom. (Davis, Jennifer) (Attorney Ferrucci notified via telephone notice) (Entered: 03/15/2004) |
| 03/15/2004 | 31 | Limited Objection to Asset Purchase Agreement dated 2/27/04 Filed by Creditor RDW Group, Inc. re 18 Motion For Authority filed by Debtor Louis A. Gencarelli). (The Asset Purchase Agreement is attached to Doc #18 as Exhibit A) (Davis, Jennifer) (Entered: 03/15/2004) |
| 03/15/2004 | 32 | Notice of Appearance and Request for Notice Filed by Maria Ellena Chavez-Ruark on behalf of Sara Lee Coffee & Tea Foodservice. (Davis, Jennifer) (Entered: 03/15/2004) |
| 03/15/2004 | 33 | Notice of Appearance and Request for Notice Filed by John P. McCoy on behalf of Narragansett Electric Company. (Davis, Jennifer) (Entered: 03/15/2004) |
| 03/15/2004 | 34 | Notice of Appearance and Request for Notice Filed by John P. McCoy on behalf of New England Gas Co. (Davis, Jennifer) (Entered: 03/15/2004) |
| 03/15/2004 | 35 | Notice of Appearance and Request for Notice Filed by Charles Soloveitzik on behalf of Lorraine Randall and H. Douglas Randall III. (Davis, Jennifer) (Entered: 03/15/2004) |
| 03/15/2004 | 36 | Response filed by Creditor George Cioe re 15 Motion For Order (A) Approving the Bid and Auction Procedures for Sale of Debtors Operating Business Assets and Related Real Estate pursuant to Bankruptcy Code Sec. 363; (B) Approving Break-up Fee; (C) Scheduling Hearing re: Items (i) through (viii) and (D) Approving Form and Manner of Notice Thereon filed by Debtor Louis A. Gencarelli). (Davis, Jennifer) (Entered: 03/15/2004) |
| 03/15/2004 | 37 | Certificate of Service (related document(s)36 Response filed by Creditor George Cioe). (Davis, Jennifer) (Entered: 03/15/2004) |
| 03/16/2004 | 38 | Order Granting Motion To Appear pro hac vice (Related Doc # 21). (Davis, Jennifer) (Entered: 03/16/2004) |
| 03/16/2004 | 39 | Order Granting Motion To Appear pro hac vice (Related Doc # 22). (Davis, Jennifer) (Entered: 03/16/2004) |
| 03/16/2004 | | Hearing Held (related document(s)15 Motion For Order (A) Approving the Bid and Auction Procedures for Sale of Debtors Operating Business Assets and Related Real Estate pursuant to Bankruptcy Code Sec. 363; (B) Approving Break-up Fee; (C) |

| | | |
|---|---|---|
| | | Scheduling Hearing re: Items (i) through (viii) and (D) Approving Form and Manner of Notice Thereon filed by Debtor Louis A. Gencarelli, 16 Motion to Shorten Time filed by Debtor Louis A. Gencarelli, 17 Proposed Order AND Section 105(d) hearing held). (No further date set for Section 105(d) hearing). ***See hearing held on 3/16/04 in BK #04-10630 for details*** (Davis, Jennifer) (Entered: 03/19/2004) |
| 03/17/2004 | 40 | AMENDED Proposed Order Filed by Debtor Louis A. Gencarelli Sr. (related document(s)15 Motion For Order (A) Approving the Bid and Auction Procedures for Sale of Debtors Operating Business Assets and Related Real Estate pursuant to Bankruptcy Code Sec. 363; (B) Approving Break-up Fee; (C) Scheduling Hearing re: Items (i) through (viii) and (D) Approving Form and Manner of Notice Thereon filed by Debtor Louis A. Gencarelli). (Davis, Jennifer) Additional attachment(s) added on 3/25/2004 (Venuti, Jody). (Entered: 03/17/2004) |
| 03/17/2004 | 41 | Notice of Intended Sale of Debtor's operating business assets and related real estate and leasehold interests of Gencarelli pursuant to Bankruptcy Code Sec. 363 to Tim Hortons (New England) in the amount of $35,520,000.00. Filed by Louis A. Gencarelli Sr. (Attachments: # 1 Publication Notice) (Davis, Jennifer) (Entered: 03/17/2004) |
| 03/17/2004 | 42 | Certificate of Service (related document(s)40 Amended Proposed Order filed by Debtor Louis A. Gencarelli AND 41 Notice of Intended Sale filed by Debtor Louis A. Gencarelli). (Davis, Jennifer) (Entered: 03/17/2004) |
| 03/17/2004 | 43 | BNC Certificate of Mailing - PDF Document. Service Date 03/17/2004. (Related Doc # 30) (Admin.) (Entered: 03/18/2004) |
| 03/17/2004 | 44 | Motion to Extend Time until 3/23/04 to file remaining schedules and statements filed by Debtor Louis A. Gencarelli Sr. (Davis, Jennifer) (Entered: 03/18/2004) |
| 03/18/2004 | 45 | Order Granting Motion (related document(s)15 Motion For Order (A) Approving the Bid and Auction Procedures for Sale of Debtors Operating Business Assets and Related Real Estate pursuant to Bankruptcy Code Sec. 363; (B) Approving Break-up Fee; (C) Scheduling Hearing re: Items (i) through (viii) and (D) Approving Form and Manner of Notice Thereon. (Davis, Jennifer) (Entered: 03/18/2004) |
| 03/18/2004 | | ADMINISTRATIVELY CONSOLIDATED Flag Set. See Lead Case 04-10630 for future entries. (Davis, Jennifer) Modified text on 3/19/2004 (McCurdy, Michelle). (Entered: 03/18/2004) |

| | | |
|---|---|---|
| 03/18/2004 | 46 | BNC Certificate of Mailing - PDF Document. Service Date 03/18/2004. (Related Doc # 38) (Admin.) (Entered: 03/19/2004) |
| 03/18/2004 | 47 | BNC Certificate of Mailing - PDF Document. Service Date 03/18/2004. (Related Doc # 39) (Admin.) (Entered: 03/19/2004) |
| 03/19/2004 | | Oral Response/NO Objection by U.S. Trustee Leonard DePasquale to (related document(s)44 Motion to Extend Time to 3/23/04 to file remaining schedules and statements filed by Debtor Louis A. Gencarelli). (Davis, Jennifer) (Entered: 03/19/2004) |
| 03/19/2004 | 48 | Notice of Appearance and Request for Notice Filed by Matthew J. McGowan on behalf of Rockville Bank. (Davis, Jennifer) (Entered: 03/22/2004) |
| 03/20/2004 | 59 | BNC Certificate of Mailing - PDF Document. Service Date 03/20/2004. (Related Doc # 45) (Admin.) (Entered: 04/02/2004) |
| 03/22/2004 | 49 | Request for Notice Filed by Aurora Loan Services, Inc. (Davis, Jennifer) (Entered: 03/22/2004) |
| 03/22/2004 | 50 | Order Granting Motion to Extend Time to: 3/23/04 to file remaining schedules and statements. Updated Deadline Due By: 3/23/2004. (Davis, Jennifer) (Entered: 03/22/2004) |
| 03/23/2004 | | Notice of Appearance and Request for Notice (Text Only) Filed by Andrew S. Harmon on behalf of Aurora Loan Services, Inc.. (Harmon, Andrew) (Entered: 03/23/2004) |
| 03/23/2004 | 51 | Missing Documents Filed - All Schedules and Statements filed EXCEPT Attorney Compensation Statement filed by Debtor Louis A. Gencarelli Sr. (related document(s)50 Order Granting Motion to Extend Time). (Attachments: #(1) Schedules pp. 51-63) (Davis, Jennifer) (Entered: 03/24/2004) |
| 03/24/2004 | | Notice of Appearance and Request for Notice (Text Only) Filed by Linda Rekas Sloan on behalf of Rockville Bank. (Sloan, Linda) (Entered: 03/24/2004) |
| 03/24/2004 | | Deadlines Updated re: Attorney Compensation Statement still due (related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Louis A. Gencarelli). Missing Documents Due By: 3/23/2004. (Davis, Jennifer) (Entered: 03/24/2004) |
| 03/24/2004 | 52 | Notice of Appearance and Request for Notice Filed by Michael P. Lynch on behalf of Frances G. Kirchon and Angelo A. Gencarelli III. (Davis, Jennifer) (Entered: 03/24/2004) |

| | | |
|---|---|---|
| 03/24/2004 | 60 | BNC Certificate of Mailing - PDF Document. Service Date 03/24/2004. (Related Doc # 50) (Admin.) (Entered: 04/02/2004) |
| 03/24/2004 | | Deadlines Set ****Proof of Claims due by 4/12/04; Bar date for Lease Rejection Claims is 6/30/04 -- See #94 Order in 04-10630**** (related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Louis A. Gencarelli). (Davis, Jennifer) (Entered: 05/07/2004) |
| 03/24/2004 | | Deadlines Set ****Proof of Claims due by 4/12/04; Bar date for Lease Rejection Claims is 6/30/04 -- See #94 Order in 04-10630**** (related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Louis A. Gencarelli). *Entry redocketed in order to set proof of claim deadline and update claims register* (McCurdy, Michelle) (Entered: 05/07/2004) |
| 03/25/2004 | 53 | Notice of Appearance and Request for Notice Filed by D. Ethan Jeffery on behalf of Creditors' Committee of Bess Eaton. (Davis, Jennifer) (Entered: 03/25/2004) |
| 03/25/2004 | 54 | Certificate of Service (related document(s)53 Notice of Appearance and Request for Notice filed by Creditors' Committee). (Davis, Jennifer) (Entered: 03/25/2004) |
| 03/25/2004 | 55 | Missing Documents Filed - Attorney Compensation Statement filed by Debtor Louis A. Gencarelli Sr. (related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Louis A. Gencarelli). (Davis, Jennifer) (Entered: 03/25/2004) |
| 03/26/2004 | 56 | Notice of Appearance and Request for Notice filed by Patrick J. Sullivan on behalf of Town of Coventry. (Davis, Jennifer) (Entered: 03/26/2004) |
| 03/30/2004 | 57 | Notice of Appearance and Request for Notice Filed by William A. Nardone on behalf of Chelsea Groton Savings Bank. (Davis, Jennifer) (Entered: 03/30/2004) |
| 03/31/2004 | | First Meeting Held. Meeting Held and Adjourned Filed by U.S. Trustee Leonard DePasquale (related document(s)10 Meeting of Creditors Chapter 11 & 12). (DePasquale, Leonard) (Entered: 03/31/2004) |
| 03/31/2004 | 58 | Notice of Appearance and Request for Notice filed by Mark A. McSally on behalf of Narragansett Pier Associates. (Davis, Jennifer) (Entered: 03/31/2004) |
| 04/02/2004 | 61 | Notice of Appearance and Request for Notice filed by Cheryl Asquino on behalf of Narragansett Bay Commission. (Davis, |

| | | |
|---|---|---|
| | | Jennifer) (Entered: 04/02/2004) |
| 04/05/2004 | 62 | Notice of Appearance and Request for Notice filed by Brian K. Estep on behalf of Town of Stonington. (Davis, Jennifer) (Entered: 04/05/2004) |
| 04/05/2004 | 63 | Notice of Appearance and Request for Notice filed by Patrick McBride on behalf of Aurora Loan Services, Inc. (Davis, Jennifer) (Entered: 04/06/2004) |
| 04/05/2004 | 64 | Motion for Relief from Stay re: to allow Providence County Superior Court to enter final Judgments in certain consolidated state court actions. Receipt Number 59414, Fee Amount $150, filed by Creditors 1500 Mineral Spring Associates LP, 1800 Smith Street Associates LP and through their general partner Jason's Realty Corp. Objections to Motion Due: 4/19/2004. (Attachments: #(1) Memorandum of Law # (2) Receipt) (Davis, Jennifer) (Entered: 04/06/2004) |
| 04/06/2004 | 65 | Notice of Appearance and Request for Notice filed by Richard L. Gemma on behalf of Sovereign Bank, Network Capital Alliance Division. (Davis, Jennifer) (Entered: 04/06/2004) |
| 04/06/2004 | 66 | Application to Employ Joseph P. Ferrucci as Debtor's Counsel filed by Debtor Louis A. Gencarelli Sr. Objections to Motion Due: 4/19/2004. (Attachments: #(1) Affidavit of Joseph P. Ferrucci) (Davis, Jennifer) (Entered: 04/06/2004) |
| 04/08/2004 | 67 | Corrective Entry Incorrect document attached. Correct document attached. Claim 3 filed by Day Publishing Company had the wrong claim attached originally. (OHara, Anne) (Entered: 04/08/2004) |
| 04/08/2004 | 68 | Notice of Appearance and Request for Notice filed by C. George Kanabis on behalf of Despina Matsas, Christ Matsas. (Davis, Jennifer) (Entered: 04/09/2004) |
| 04/08/2004 | 69 | Notice of Appearance and Request for Notice filed by Benjamin M. Scungio on behalf of Randolph Savings Bank. (Davis, Jennifer) (Entered: 04/09/2004) |
| 04/10/2004 | 70 | BNC Certificate of Mailing - PDF Document. Service Date 04/10/2004. (Related Doc # 67) (Admin.) (Entered: 04/11/2004) |
| 04/12/2004 | 71 | Application to Employ Scott T. Spear as Special Counsel to Debtor filed by Debtor Louis A. Gencarelli Sr. Objections to Motion Due: 4/26/2004. (Attachments: #(1) Affidavit of Scott T. Spear) (Davis, Jennifer) (Entered: 04/12/2004) |
| | | |

| | | |
|---|---|---|
| 04/12/2004 | 72 | Defective Document/Fee Due Received: 4/12/04 Motion to Amend Matrix filed By Debtor Louis A. Gencarelli Sr. Filing fee due in the amount of $26.00. Compliance with Defective Document FEE DUE Notice By: 4/26/2004. (Davis, Jennifer) (Entered: 04/12/2004) |
| 04/14/2004 | 73 | BNC Certificate of Mailing - PDF Document. Service Date 04/14/2004. (Related Doc # 72) (Admin.) (Entered: 04/15/2004) |
| 04/15/2004 | 74 | Objection filed by Interested Party State of RI - Taxation re 18 Motion For Authority For Order (A) Approving Sale of Debtor's Operating Business Assets and Related Real Estate pursuant to 11 U.S.C. Sec. 363; (B) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and the Rejection of Certain Unexpired Leases pursuant to 11 U.S.C. Sec. 365; (C) Establishing Bar Date for Filing Rejection Claims; (D) Authorizing Bess Easton to Obtain Secured Credit and Gencarelli to Guarantee Same and Affirming Gencarelli Guarantee of Payment to Bess Eaton Creditors pursuant to 11 U.S.C. Sec. 364; (E) Exempting Transfers from Sales, Use, Transfer or Documentary Tax; (F) Waiving 10-day Stay of Bankruptcy Rule 6004(g) and (G) Authorizing Payment of Secured Claims at Sale Closing filed by Debtor Louis A. Gencarelli). (Davis, Jennifer) (Entered: 04/20/2004) |
| 04/20/2004 | 75 | Objection filed by Debtor Louis A. Gencarelli Sr. re 64 Motion for Relief From Stay filed by Creditor 1500 Mineral Spring Associates LP, Creditor 1800 Smith Street Associates LP and through their general partner Jason's Realty Corp.). (Attachments: #(1) Memorandum of Law) (Davis, Jennifer) (Entered: 04/21/2004) |
| 04/20/2004 | 76 | Amendment to Matrix. Attorney for the debtor to serve a copy of the 341 notice and proof of claim (if applicable) on the new creditors. Receipt Number 59568, Fee Amount $26 Filed by Debtor Louis A. Gencarelli Sr. (Attachments: #(1) Receipt) (Davis, Jennifer) (Entered: 04/21/2004) |
| 04/20/2004 | | Deadlines Updated re: (related document(s)76 Amendment to Matrix (fee) filed by Debtor Louis A. Gencarelli). Added Creditors Proof of Claim due by: 7/19/2004. (Davis, Jennifer) (Entered: 04/21/2004) |
| 04/21/2004 | 77 | Hearing Set (re: 64 Motion for Relief From Stay filed by Creditor 1500 Mineral Spring Associates LP, Creditor 1800 Smith Street Associates LP and through their general partner Jason's Realty Corp. and 75 Objection filed by Debtor Louis A. Gencarelli). Hearing scheduled for 5/13/2004 at 09:30 AM at 6th Floor Courtroom. (Davis, Jennifer) (Entered: 04/21/2004) |
| 04/21/2004 | 78 | Judge's Order Requesting Position From U.S. Trustee Leonard DePasquale (re:66 Application to Employ Joseph P. Ferrucci as |

| | | |
|---|---|---|
| | | Debtor's Counsel filed by Debtor Louis A. Gencarelli AND 64 Motion for Relief From Stay filed by Creditor 1500 Mineral Spring Associates LP, Creditor 1800 Smith Street Associates LP and through their general partner Jason's Realty Corp.) Due by: 5/3/2004. (Davis, Jennifer) (Entered: 04/21/2004) |
| 04/22/2004 | 79 | Motion to Appear Pro Hac Vice by Donald E. Rothman, *Local Counsel Barry J. Kusinitz* for Creditor Eastern Bank. (Davis, Jennifer) (Entered: 04/23/2004) |
| 04/22/2004 | 80 | Notice of Appearance and Request for Notice filed by Linda T. Taverni on behalf of DaimlerChrysler Services North America LLC. (Davis, Jennifer) (Entered: 04/23/2004) |
| 04/23/2004 | 81 | BNC Certificate of Mailing - PDF Document. Service Date 04/23/2004. (Related Doc # 78) (Admin.) (Entered: 04/24/2004) |
| 04/23/2004 | 82 | BNC Certificate of Mailing - PDF Document. Service Date 04/23/2004. (Related Doc # 77) (Admin.) (Entered: 04/24/2004) |
| 04/28/2004 | 83 | Motion to Withdraw as Attorney Filed by Interested Party BE Network Acquisition, LLC. Objections to Motion Due: 5/11/2004. (Richardson, Andrew) (Entered: 04/28/2004) |
| 05/03/2004 | | Consent Filed by U.S. Trustee Leonard DePasquale re 66 Application to Employ filed by Debtor Louis A. Gencarelli). (DePasquale, Leonard) (Entered: 05/03/2004) |
| 05/05/2004 | 84 | Order Granting Application to Employ Joseph P. Ferrucci as Debtor's Counsel (Related Doc # 66). (Davis, Jennifer) (Entered: 05/05/2004) |
| 05/06/2004 | 85 | Withdrawal of Document filed by Creditor George Cioe (related document(s)26 Motion for Examination filed by Creditor George Cioe, 27 Motion to Compel Production of Documents AND For Relief from Confidentiality Order filed by Creditor George Cioe and 28 Motion To File Affidavits Under Seal filed by Creditor George Cioe). (Davis, Jennifer) (Entered: 05/06/2004) |
| 05/07/2004 | 86 | BNC Certificate of Mailing - PDF Document. Service Date 05/07/2004. (Related Doc # 84) (Admin.) (Entered: 05/08/2004) |
| 05/10/2004 | | Consent Filed by U.S. Trustee Leonard DePasquale re 66 Application to Employ filed by Debtor Louis A. Gencarelli, 64 Motion for Relief From Stay, filed by Creditor 1500 Mineral Spring Associates LP, Creditor Jason's Realty Corp., Creditor 1800 Smith Street Associates LP). (DePasquale, Leonard) (Entered: 05/10/2004) |
| | | |

| | | |
|---|---|---|
| 05/10/2004 | 87 | Order Granting Motion To Appear pro hac vice by Donald E. Rothman, *Local Counsel Barry J. Kusinitz*, for Creditor Eastern Bank. (Related Doc # 79). (Davis, Jennifer) (Entered: 05/10/2004) |
| 05/12/2004 | 88 | BNC Certificate of Mailing - PDF Document. Service Date 05/12/2004. (Related Doc # 87) (Admin.) (Entered: 05/13/2004) |
| 05/13/2004 | 89 | Hearing Held AND Continued re 64 Motion for Relief From Stay filed by Creditor 1500 Mineral Spring Associates LP, Creditor Jason's Realty Corp., Creditor 1800 Smith Street Associates LP. and 75 Objection filed by Debtor Louis A. Gencarelli. APPEARANCES: Ferrucci, Wieck. Arguments by Wieck to have relief to go back to State Court. Objection by Ferrucci. Court continued matter for 1 week. 5/20/04 at 9:30 a.m. Hearing continued for 5/20/2004 at 09:30 AM at 6th Floor Courtroom. (Davis, Jennifer) Modified text on 5/14/2004 (Venuti, Jody). (Entered: 05/13/2004) |
| 05/14/2004 | | ECF Corrective Entry. The /s/ is missing in the signature box of the Proof of Claim. The creditor is asked to re-file claim # 69. (Moone, Patrice) (Entered: 05/14/2004) |
| 05/14/2004 | | Consent Filed by U.S. Trustee Leonard DePasquale re 71 Application to Employ filed by Debtor Louis A. Gencarelli). (DePasquale, Leonard) (Entered: 05/14/2004) |
| 05/16/2004 | 90 | BNC Certificate of Mailing - PDF Document. Service Date 05/16/2004. (Related Doc # 89) (Admin.) (Entered: 05/17/2004) |
| 05/19/2004 | 91 | Order Granting Motion To Withdraw As Attorney by Andrew S. Richardson on behalf of BE Network Acquisition, LLC. (Related Doc # 83). Attorney Andrew S. Richardson Terminated . (DAgostino, Holly) (Entered: 05/19/2004) |
| 05/20/2004 | | Hearing Held (related document(s)75 Objection, filed by Debtor Louis A. Gencarelli, 64 Motion for Relief From Stay, filed by Creditor 1500 Mineral Spring Associates LP, Creditor Jason's Realty Corp., Creditor 1800 Smith Street Associates LP). APPEARANCES: Ferrucci, Wieck . Arguments by Wieck requesting permission to go to Superior Court to have judgment entered from a prior tiral in State Court. Arguments by Ferrucci re: issue of future rents. After conferring, parties reached an agreement and will submit an order. Order Due by: 6/1/2004. (DAgostino, Holly) (Entered: 05/20/2004) |
| 05/21/2004 | 92 | BNC Certificate of Mailing - PDF Document. Service Date 05/21/2004. (Related Doc # 91) (Admin.) (Entered: 05/22/2004) |
| 05/25/2004 | 93 | Application to Employ Stacy P. Nakasian, Esq. as Special Counsel |

| | | |
|---|---|---|
| | | filed by Joseph P. Ferrucci on behalf of Louis A. Gencarelli Sr. Objections to Motion Due: 6/7/2004. (Attachments: #(1) Affidavit) (Davis, Jennifer) (Entered: 05/26/2004) |
| 05/26/2004 | 94 | Hearing Set (re: 93 Application to Employ Stacy P. Nakasian, Esq. as Special Counsel filed by Debtor Louis A. Gencarelli). Hearing scheduled for 6/3/2004 at 09:30 AM at 6th Floor Courtroom. (Davis, Jennifer) (Entered: 05/26/2004) |
| 05/29/2004 | 95 | BNC Certificate of Mailing - PDF Document. Service Date 05/29/2004. (Related Doc # 94) (Admin.) (Entered: 05/30/2004) |
| 06/01/2004 | 96 | Proposed Consent Order After Hearing filed by Creditor 1800 Smith Street Associates LP, 1500 Mineral Spring Associates LP by and through their general partner Jason's Realty Corp. and Debtor Louis A. Gencarelli Sr. (related document(s)64 Motion for Relief From Stay filed by Creditor 1800 Smith Street Associates LP, 1500 Mineral Spring Associates LP by and through their general partner Creditor Jason's Realty Corp.). Status Check Due by: 6/7/2004. (Filed on 5/28/04) (Davis, Jennifer) (Entered: 06/01/2004) |
| 06/03/2004 | | Hearing Held (related document(s)93 Application to Employ Stacy P. Nakasian, Esq. as Special Counsel filed by Debtor Louis A. Gencarelli). APPEARANCES: Mulhearn, DePasqaule. Mulhearn explained pending cases in State Court which special counsel will handle. There are on-going cases not part of any settlement. Court approved application. (Davis, Jennifer) (Entered: 06/03/2004) |
| 06/03/2004 | 97 | Order Granting Application to Employ Stacey P. Nakasian as Special Counsel (Related Doc # 93). (Davis, Jennifer) (Entered: 06/03/2004) |
| 06/05/2004 | 98 | BNC Certificate of Mailing - PDF Document. Service Date 06/05/2004. (Related Doc # 97) (Admin.) (Entered: 06/06/2004) |
| 06/07/2004 | 99 | Order Granting Application to Employ Scott T. Spear as Special Counsel (Related Doc # 71). (Davis, Jennifer) (Entered: 06/07/2004) |
| 06/09/2004 | 100 | BNC Certificate of Mailing - PDF Document. Service Date 06/09/2004. (Related Doc # 99) (Admin.) (Entered: 06/10/2004) |
| 06/15/2004 | 101 | Consent Order Granting (# 64)Motion For Relief From Stay by 1800 Smith Street Associates, LP and 1500 Mineral Spring Associates, LP. (DAgostino, Holly) (Entered: 06/15/2004) |
| 06/15/2004 | 102 | Judgment Order (re:101 Order on Motion For Relief From Stay) (DAgostino, Holly) (Entered: 06/15/2004) |
| | | |

| | | |
|---|---|---|
| 06/17/2004 | 103 | BNC Certificate of Mailing - PDF Document. Service Date 06/17/2004. (Related Doc # 102) (Admin.) (Entered: 06/18/2004) |
| 06/17/2004 | 104 | BNC Certificate of Mailing - PDF Document. Service Date 06/17/2004. (Related Doc # 101) (Admin.) (Entered: 06/18/2004) |
| 06/21/2004 | 105 | Request for Notice Filed by CitiMortgage, Inc. (Cory, Lucinda) (Entered: 06/21/2004) |
| 06/21/2004 | 106 | Assignment of Claim. Claim transferred from Assignor Aurora Loan Services Inc. to Assignee CitiMortgage Inc. Transfer Agreement 3001 (e) 2 Transferors: Aurora Loan Services Inc.(Claim No. 16, Amount $2,253,208.43) filed by Assignee CitiMortgage, Inc., Assignor Aurora Loan Services, Inc. (Davis, Jennifer) (Entered: 06/22/2004) |
| 06/29/2004 | 107 | Stipulation Amending Proof of Claim #17 filed by Debtor Louis A. Gencarelli Sr., Bess Eaton Donut Flour Company Incorporated and creditor, Papa Gino's Inc. (See Stipulation for details) (Davis, Jennifer) (Entered: 06/30/2004) |
| 06/29/2004 | 108 | Stipulation Amending Proof of Claim #45 filed by Debtor Louis A. Gencarelli Sr., Bess Eaton Donut Flour Company Incorporated and creditor, Drake Petroleum Co. (See Stipulation for details) (Davis, Jennifer) (Entered: 06/30/2004) |
| 07/01/2004 | 109 | Motion to Withdraw as Attorney *(Mary DeNevi)* Filed by Edward J. Bertozzi Jr. on behalf of Tim Hortons (New England), Inc.. Certificate of Service Due by:7/6/2004. (Bertozzi, Edward) Additional attachment(s) added on 7/2/2004 (McCurdy, Michelle). (Entered: 07/01/2004) |
| 07/01/2004 | 110 | Certificate of Service Filed by Interested Party Tim Hortons (New England), Inc. (related document(s)109 Motion to Withdraw as Attorney filed by Interested Party Tim Hortons (New England), Inc.). (Bertozzi, Edward) (Entered: 07/01/2004) |
| 07/01/2004 | 111 | Motion for Relief from Stay re:2002 Mercedes ML5 with VIN # WDCYR49E62X132070 Fee Amount $150, Filed by Lynda L. Laing on behalf of DaimlerChrysler Services North America LLC. Objections to Motion Due: 7/14/2004. (Laing, Lynda) (Entered: 07/01/2004) |
| 07/01/2004 | 112 | Receipt of filing fee for Motion for Relief From Stay(1:04-bk-10682) [motion,mrlfsty] ( 150.00). Receipt number 0103B189335, amount $ 150.00. (U.S. Treasury) (Entered: 07/01/2004) |
| 07/02/2004 | 113 | Order Approving (#107 Stipulation Amending Proof of Claim #17 |

| | | |
|---|---|---|
| | | filed by Papa Gino's Inc.) (Davis, Jennifer) (Entered: 07/02/2004) |
| 07/02/2004 | 114 | Order Approving (#108 Stipulation Amending Proof of Claim #45 filed by Drake Petroleum Co.) (Davis, Jennifer) (Entered: 07/02/2004) |
| 07/02/2004 | | ECF Corrective Entry: (related document(s)109 Motion to Withdraw as Attorney filed by Interested Party Tim Hortons (New England), Inc.). **Image corrected to reflect Motion to Withdraw in Louis A. Gencarelli case only**. (Davis, Jennifer) (Entered: 07/02/2004) |
| 07/04/2004 | 115 | BNC Certificate of Mailing - PDF Document. Service Date 07/04/2004. (Related Doc # 113) (Admin.) (Entered: 07/06/2004) |
| 07/04/2004 | 116 | BNC Certificate of Mailing - PDF Document. Service Date 07/04/2004. (Related Doc # 114) (Admin.) (Entered: 07/06/2004) |
| 07/08/2004 | 117 | Motion for Relief from Stay re: Fee Amount $150, Filed by Lisa A. Geremia on behalf of Anthony & Dyana Fonda. Objections to Motion Due: 7/21/2004. (Attachments: # 1 Memorandum of Law # 2 Exhibit A) (Geremia, Lisa) (Entered: 07/08/2004) |
| 07/08/2004 | 118 | Receipt of filing fee for Motion for Relief From Stay(1:04-bk-10682) [motion,mrlfsty] ( 150.00). Receipt number 0103B191649, amount $ 150.00. (U.S. Treasury) (Entered: 07/08/2004) |
| 07/08/2004 | 119 | Stipulation Amending Proof of Claim #6 filed by Bess Eaton Donut Flour Company Incorporated, Debtor Louis A. Gencarelli Sr. and Creditor, R.I. Division of Taxation. (See Stipulation for details) (Filed on 7/6/04). (Davis, Jennifer) (Entered: 07/08/2004) |
| 07/13/2004 | 120 | Amended Certificate of Service Filed by Creditor Anthony & Dyana Fonda (related document(s)117 Motion for Relief From Stay filed by Creditor Anthony & Dyana Fonda). (Geremia, Lisa) (Entered: 07/13/2004) |
| 07/15/2004 | 121 | Objection to Claim: Name of claimant: Volvo Finance North America LLC, Claim #69 Filed by Diane Finkle, Joseph P. Ferrucci on behalf of Bess Eaton Donut Flour Company Incorporated, Louis A. Gencarelli Sr.. Objections to Motion Due: 7/28/2004. (DAgostino, Holly) (Entered: 07/16/2004) |
| 07/16/2004 | 122 | Order Approving (#119 Stipulation regarding Proof of Claim #6 by RI Division of Taxation) (DAgostino, Holly) (Entered: 07/16/2004) |
| 07/18/2004 | 123 | BNC Certificate of Mailing - PDF Document. Service Date 07/18/2004. (Related Doc # 122) (Admin.) (Entered: 07/19/2004) |

| | | |
|---|---|---|
| 07/21/2004 | | Corrective Entry ** Claim 61 was docketed on 4/22/04, naming the incorrect creditor (CT Dept of Revenue) -the claims register has been modified to name the correct filer/creditor (Daimler Chrysler Services) for claim 61**. (Venuti, Jody) (Entered: 07/21/2004) |
| 07/22/2004 | 124 | Notice of Appearance and Request for Notice filed by Thomas M. Petronio on behalf of R.I. Green, Inc. (Davis, Jennifer) (Entered: 07/22/2004) |
| 07/22/2004 | 125 | Objection Filed by Creditor Volvo Finance North America, Inc. re 121 Objection to Claim, filed by Interested Party Bess Eaton Donut Flour Company Incorporated, Debtor Louis A. Gencarelli). (Laing, Lynda) (Entered: 07/22/2004) |
| 07/23/2004 | | Terminate Document: ECF Error. **Service list not attached to certification**. Document must be resubmitted (related document(s) 125 Objection filed by Creditor Volvo Finance North America, Inc.). (Davis, Jennifer) (Entered: 07/23/2004) |
| 07/23/2004 | 126 | Objection Filed by Creditor Volvo Finance North America, Inc. re 121 Objection to Claim, filed by Interested Party Bess Eaton Donut Flour Company Incorporated, Debtor Louis A. Gencarelli). (Attachments: # 1 Exhibit Certification List) (Laing, Lynda) (Entered: 07/23/2004) |
| 07/26/2004 | 127 | Order Granting (# 111)Motion For Relief From Stay by DaimlerChrysler Services North America LLC. (Davis, Jennifer) (Entered: 07/26/2004) |
| 07/26/2004 | 128 | Judgment Order (re:127 Order Granting Motion For Relief From Stay by DaimlerChrysler Services North America LLC) (Davis, Jennifer) (Entered: 07/26/2004) |
| 07/26/2004 | 129 | Order Granting (# 117)Motion For Relief From Stay by Anthony & Dyana Fonda. (Davis, Jennifer) (Entered: 07/26/2004) |
| 07/26/2004 | 130 | Judgment Order (re:129 Order Granting Motion For Relief From Stay by Anthony & Dyana Fonda) (Davis, Jennifer) (Entered: 07/26/2004) |
| 07/26/2004 | 131 | Stipulation filed by Debtor Louis A. Gencarelli Sr., Bess Eaton Donut Flour Company Incorporated and Sovereign Bank, Network Capital Alliance Division regarding Claim #47 in Louis A. Gencarelli Sr. (Filed on 7/26/04) (Davis, Jennifer) Modified attchment on 7/30/2004 (Venuti, Jody). (Entered: 07/27/2004) |
| 07/28/2004 | 132 | BNC Certificate of Mailing - PDF Document. Service Date 07/28/2004. (Related Doc # 127) (Admin.) (Entered: 07/29/2004) |

| | | |
|---|---|---|
| 07/28/2004 | 133 | BNC Certificate of Mailing - PDF Document. Service Date 07/28/2004. (Related Doc # 129) (Admin.) (Entered: 07/29/2004) |
| 07/28/2004 | 134 | BNC Certificate of Mailing - PDF Document. Service Date 07/28/2004. (Related Doc # 128) (Admin.) (Entered: 07/29/2004) |
| 07/28/2004 | 135 | BNC Certificate of Mailing - PDF Document. Service Date 07/28/2004. (Related Doc # 130) (Admin.) (Entered: 07/29/2004) |
| 07/30/2004 | | Corrective Entry: *Incorrect document was originally attached. Correct document (Stipulation) was attached on 7/30/04.* (related document(s)131 Stipulation filed by Bess Eaton Donut Flour Company Incorporated, Debtor Louis A. Gencarelli and Sovereign Bank, Network Capital Alliance Division). (Davis, Jennifer) (Entered: 07/30/2004) |
| 08/02/2004 | 136 | Hearing Set (re: 121 Objection to Claim filed by Debtor Louis A. Gencarelli, Bess Eaton Donut Flour Company Incorporated and 126 Objection filed by Creditor Volvo Finance North America, Inc.). Hearing scheduled for 9/1/2004 at 09:30 AM at 6th Floor Courtroom. (Davis, Jennifer) (Entered: 08/02/2004) |
| 08/04/2004 | 137 | Motion to Withdraw as Attorney Filed by Lisa A. Geremia on behalf of Anthony & Dyana Fonda. Objections to Motion Due: 8/17/2004. (Geremia, Lisa) (Entered: 08/04/2004) |
| 08/04/2004 | 138 | Order Approving (#131 Stipulation Regarding Claim #47 filed by Sovereign Bank, Network Capital Alliance Division) (Davis, Jennifer) (Entered: 08/04/2004) |
| 08/04/2004 | 139 | BNC Certificate of Mailing - PDF Document. Service Date 08/04/2004. (Related Doc # 136) (Admin.) (Entered: 08/05/2004) |
| 08/06/2004 | 140 | BNC Certificate of Mailing - PDF Document. Service Date 08/06/2004. (Related Doc # 138) (Admin.) (Entered: 08/07/2004) |
| 08/13/2004 | 141 | Motion To Limit Allowance of Claims by 1500 Mineral Spring Associates, L.P. and 1800 Smith Street Associates, L.P. Filed by Joseph P. Ferrucci on behalf of Louis A. Gencarelli Sr.. Objections to Motion Due: 8/26/2004. (Attachments: # 1 Memorandum of Law # 2 Exhibit A# 3 Exhibit B# 4 Exhibit C# 5 Exhibit D# 6 Exhibit E) (DAgostino, Holly) (Entered: 08/17/2004) |
| 08/16/2004 | 142 | Stipulation Filed by Creditor DaimlerChrysler Services North America LLC withdrawing claims #41 and #60. (DAgostino, Holly) (Entered: 08/17/2004) |
| | | |

| | | |
|---|---|---|
| 08/24/2004 | 143 | Order Granting Motion To Withdraw As Attorney (Related Doc # 137). Attorney Lisa A. Geremia Terminated. (Davis, Jennifer) (Entered: 08/24/2004) |
| 08/25/2004 | 144 | Motion to Withdraw as Attorney filed by Linda T. Taverni on behalf of DaimlerChrysler Services North America LLC. Objections to Motion Due: 9/7/2004. (Davis, Jennifer) (Entered: 08/25/2004) |
| 08/26/2004 | 145 | BNC Certificate of Mailing - PDF Document. Service Date 08/26/2004. (Related Doc # 143) (Admin.) (Entered: 08/27/2004) |
| 08/26/2004 | 146 | Objection filed by Creditors 1500 Mineral Spring Associates LP, 1800 Smith Street Associates LP by and through their general partner Jason's Realty Corp. re 141 Motion To Limit Allowance of Claims by 1500 Mineral Spring Associates, L.P. and 1800 Smith Street Associates, L.P. filed by Debtor Louis A. Gencarelli). (Attachments: #(1) Memorandum of Law pps. 1-50; #(2) Memorandum of Law pps. 51-100; #(3) Memorandum of Law pps. 101-120) (Davis, Jennifer) (Entered: 08/27/2004) |
| 08/27/2004 | 147 | Stipulation Filed by Interested Party Bess Eaton Donut Flour Company Incorporated , Debtor Louis A. Gencarelli Sr., Creditor Volvo Finance North America, Inc. (related document(s)121 Objection to Claim, filed by Interested Party Bess Eaton Donut Flour Company Incorporated, Debtor Louis A. Gencarelli). (DAgostino, Holly) (Entered: 08/30/2004) |
| 08/30/2004 | | Hearing Not Held (re: 121 Objection to Claim, filed by Interested Party Bess Eaton Donut Flour Company Incorporated, Debtor Louis A. Gencarelli, 125 Objection filed by Creditor Volvo Finance North America, Inc., 126 Objection, filed by Creditor Volvo Finance North America, Inc.). Stipulation filed and approved. (DAgostino, Holly) (Entered: 08/30/2004) |
| 08/30/2004 | 148 | Order Approving (#147 Stipulation Between Louis A. Gencarelli, Bess Eaton Flour Donut Company, Inc. and Volvo Finance North America LLC regarding 121 Objection to Claim) (DAgostino, Holly) (Entered: 08/30/2004) |
| 08/30/2004 | 149 | Hearing Set (re: 141 Motion To Limit Allowance of Claims by 1500 Mineral Spring Associates, L.P. and 1800 Smith Street Associates, L.P. filed by Debtor Louis A. Gencarelli, 146 Objection, filed by Creditor 1500 Mineral Spring Associates LP, Creditor Jason's Realty Corp., Creditor 1800 Smith Street Associates LP). Hearing scheduled for 9/22/2004 at 09:30 AM at 6th Floor Courtroom. (DAgostino, Holly) (Entered: 08/30/2004) |
| 09/01/2004 | 151 | BNC Certificate of Mailing - PDF Document. Service Date |

| | | |
|---|---|---|
| | | 09/01/2004. (Related Doc # 149) (Admin.) (Entered: 09/02/2004) |
| 09/01/2004 | 152 | BNC Certificate of Mailing - PDF Document. Service Date 09/01/2004. (Related Doc # 148) (Admin.) (Entered: 09/02/2004) |
| 09/02/2004 | 153 | Application for Final Compensation for Scott T. Spear, Special Counsel, Period: 2/2/2004 to 7/8/2004, Fee: $2308.75, Expenses: $67.00., Less any Previously Allowed Interim Payment and Less any Previously Allowed Expenses. Notice of Applications served on all creditors. Filed by Scott T. Spear. Objections/Responses due by: 9/15/2004. (Attachments: # 1 Exhibit A through F# (2) Local Form). Filed on 8/30/04. (DAgostino, Holly) (Entered: 09/02/2004) |
| 09/04/2004 | 154 | BNC Certificate of Mailing - PDF Document. Service Date 09/04/2004. (Related Doc # 153) (Admin.) (Entered: 09/05/2004) |
| 09/07/2004 | 155 | Objection to Claim: Name of claimant: Frances G. Kirchon, Claim #25 and 58 Filed by Joseph P. Ferrucci on behalf of Louis A. Gencarelli Sr. Filed on 8/31/04. Objections to Motion Due: 9/13/2004. (Attachments: # (1) Exhibit) (DAgostino, Holly) (Entered: 09/07/2004) |
| 09/07/2004 | 156 | Objection to Claim: Name of claimant: Angelo A. Gencarelli, III, Claim #24 and 57 Filed by Joseph P. Ferrucci on behalf of Louis A. Gencarelli Sr. Filed on 8/31/04. Objections to Motion Due: 9/13/2004. (Attachments: # (1) Exhibit) (DAgostino, Holly) (Entered: 09/07/2004) |
| 09/07/2004 | 157 | Objection to Claim: Name of claimant: The Washington Trust Company, Claim #52 Filed by Joseph P. Ferrucci on behalf of Louis A. Gencarelli Sr. Filed on 8/31/04. Objections to Motion Due: 9/13/2004. (Attachments: # (1) Exhibit) (DAgostino, Holly) (Entered: 09/07/2004) |
| 09/07/2004 | 158 | Objection to Claim: Name of claimant: Charles S. Sokoloff Incorporated, Claim #71 Filed by Joseph P. Ferrucci on behalf of Louis A. Gencarelli Sr. Filed on 8/31/04. Objections to Motion Due: 9/13/2004. (Attachments: # (1) Exhibit) (DAgostino, Holly) (Entered: 09/07/2004) |
| 09/07/2004 | 159 | Objection to Claim: Name of claimant: Rockville Bank, Claim #30 and 31 Filed by Joseph P. Ferrucci on behalf of Louis A. Gencarelli Sr. Filed on 8/31/04. Objections to Motion Due: 9/13/2004. (Attachments: # (1) Exhibit) (DAgostino, Holly) (Entered: 09/07/2004) |
| 09/07/2004 | 160 | Objection to Claim: Name of claimant: Sara Lee, Claim #21, 22, 75, |

| | | |
|---|---|---|
| | | and 76 Filed by Joseph P. Ferrucci on behalf of Louis A. Gencarelli Sr. Filed on 8/31/04. Objections to Motion Due: 9/13/2004. (Attachments: # (1) Exhibit) (DAgostino, Holly) (Entered: 09/07/2004) |
| 09/07/2004 | 161 | Objection to Claim: Name of claimant: UPS Capital Business Credit, Claim #37 and 38 Filed by Joseph P. Ferrucci on behalf of Louis A. Gencarelli Sr. Filed on 8/31/04. Objections to Motion Due: 9/13/2004. (Attachments: # (1) Exhibit) (DAgostino, Holly) (Entered: 09/07/2004) |
| 09/08/2004 | 162 | Response to *Objection to Secured Claims Nos. 30 and 31 of Rockville Bank* Filed by Creditor Rockville Bank re 159 Objection to Claim filed by Debtor Louis A. Gencarelli). (McGowan, Matthew) (Entered: 09/08/2004) |
| 09/10/2004 | 163 | Response to *Objection to Claims #21, 22, 75 and 76* Filed by Creditor Sara Lee Coffee & Tea Foodservice re 160 Objection to Claim filed by Debtor Louis A. Gencarelli). (Chavez-Ruark, Maria) (Entered: 09/10/2004) |
| 09/10/2004 | 164 | Order Granting Motion To Withdraw As Attorney (Related Doc # 144). Attorney Linda T. Taverni Terminated. (Davis, Jennifer) (Entered: 09/10/2004) |
| 09/12/2004 | 165 | BNC Certificate of Mailing - PDF Document. Service Date 09/12/2004. (Related Doc # 164) (Admin.) (Entered: 09/13/2004) |
| 09/13/2004 | 166 | Response filed by Creditor Charles S. Sokoloff Incorporated re 158 Objection to Claim filed by Debtor Louis A. Gencarelli). (Davis, Jennifer) (Entered: 09/14/2004) |
| 09/14/2004 | 167 | Objection filed by Creditor UPS Capital Business Credit re 161 Objection to Claim filed by Debtor Louis A. Gencarelli). (Davis, Jennifer) (Entered: 09/14/2004) |
| 09/20/2004 | 168 | Judge's Order Requesting Position From U.S. Trustee Leonard DePasquale (re:153 Application for Final Compensation filed by Spec. Counsel Scott T. Spear) Due by: 9/30/2004. (Davis, Jennifer) (Entered: 09/20/2004) |
| 09/20/2004 | 169 | Order Sustaining Objection to Claims #25 and #58. Claimant Frances G. Kirchon (Related Doc # 155). (Davis, Jennifer) (Entered: 09/20/2004) |
| 09/20/2004 | 170 | Order Sustaining Objection to Claim #24 and #57. Claimant Angelo A. Gencarelli, III (Related Doc # 156). (Davis, Jennifer) (Entered: |

| | | |
|---|---|---|
| | | 09/20/2004) |
| 09/20/2004 | 171 | Order Sustaining Objection to Claim #52. Claimant Washington Trust Company (Related Doc # 157). (Davis, Jennifer) (Entered: 09/20/2004) |
| 09/20/2004 | 172 | Hearing Set (re: 158 Objection to Claim filed by Debtor Louis A. Gencarelli, 166 Response filed by Creditor Charles S. Sokoloff Incorporated, 159 Objection to Claim filed by Debtor Louis A. Gencarelli, 162 Response filed by Creditor Rockville Bank, 160 Objection to Claim filed by Debtor Louis A. Gencarelli, 163 Response filed by Creditor Sara Lee Coffee & Tea Foodservice, 161 Objection to Claim filed by Debtor Louis A. Gencarelli and 167 Objection filed by Creditor UPS Capital Business Credit). Hearing scheduled for 10/7/2004 at 09:30 AM at 6th Floor Courtroom. (Davis, Jennifer) (Entered: 09/20/2004) |
| 09/22/2004 | 173 | Stipulation establishing amount of Sara Lee Coffee & Tea Foodservice's allowed claim filed by Bess Eaton Donut Flour Company Incorporated, Louis A. Gencarelli Sr., Creditors' Committee and Creditor Sara Lee Coffee & Tea Foodservice (related document(s)160 Objection to Claim filed by Debtor Louis A. Gencarelli and 163 Response filed by Creditor Sara Lee Coffee & Tea Foodservice). (Davis, Jennifer) (Entered: 09/22/2004) |
| 09/22/2004 | 174 | BNC Certificate of Mailing - PDF Document. Service Date 09/22/2004. (Related Doc # 168) (Admin.) (Entered: 09/23/2004) |
| 09/22/2004 | 175 | BNC Certificate of Mailing - PDF Document. Service Date 09/22/2004. (Related Doc # 169) (Admin.) (Entered: 09/23/2004) |
| 09/22/2004 | 176 | BNC Certificate of Mailing - PDF Document. Service Date 09/22/2004. (Related Doc # 170) (Admin.) (Entered: 09/23/2004) |
| 09/22/2004 | 177 | BNC Certificate of Mailing - PDF Document. Service Date 09/22/2004. (Related Doc # 171) (Admin.) (Entered: 09/23/2004) |
| 09/22/2004 | 178 | BNC Certificate of Mailing - PDF Document. Service Date 09/22/2004. (Related Doc # 172) (Admin.) (Entered: 09/23/2004) |
| 09/22/2004 | | Hearing Held (related document(s)141 Motion To Limit Allowance of Claims by 1500 Mineral Spring Associates, L.P. and 1800 Smith Street Associates, L.P. filed by Debtor Louis A. Gencarelli). APPEARANCES: Shine, Ferrucci, Wieck, DePasquale. Oral arguments by Ferrucci re: issue of cap on claim. Arguments by Wieck. Bench decision granting the motion. Order to be submitted by Ferrucci; Due by: 10/4/2004. (Davis, Jennifer) (Entered: 09/23/2004) |

| | | |
|---|---|---|
| 09/28/2004 | 179 | Order Approving (#173 Stipulation Establishing Amount of Sara Lee Coffee & Tea Foodservice's Allowed Claim for Purposes of First Distribution to Creditors) re: 160 Objection to Claims #21, #22, #75 and #76. See stipulation for details. (DAgostino, Holly) (Entered: 09/28/2004) |
| 09/28/2004 | 180 | Order Requiring Filing of Joint Pre-Trial Order from Debtor Louis A. Gencarelli Sr., Creditor Sara Lee Coffee & Tea Foodservice (re 160 Objection to Claim filed by Debtor Louis A. Gencarelli) Joint Pre-Trial Order Due By: 10/5/2004. (DAgostino, Holly) (Entered: 09/28/2004) |
| 09/28/2004 | 181 | Response/NO Objection filed by Debtor Louis A. Gencarelli Sr. re 153 Application for Final Compensation filed by Spec. Counsel Scott T. Spear). (Davis, Jennifer) (Entered: 09/29/2004) |
| 09/29/2004 | 182 | Notice of Appearance and Request for Notice Filed by Theodore Orson on behalf of Charles S. Sokoloff. (Davis, Jennifer) (Entered: 09/29/2004) |
| 09/29/2004 | 183 | Objection Filed by U.S. Trustee Leonard DePasquale re 153 Application for Final Compensation, filed by Spec. Counsel Scott T. Spear). (DePasquale, Leonard) (Entered: 09/29/2004) |
| 09/30/2004 | 184 | Motion to Vacate (related document(s)171 Order Sustaining Objection to Claim #52 filed by Washington Trust Company) filed by Brian J. Lamoureux on behalf of Washington Trust Company (The). (Davis, Jennifer) (Entered: 09/30/2004) |
| 09/30/2004 | 185 | BNC Certificate of Mailing - PDF Document. Service Date 09/30/2004. (Admin.) (Entered: 10/01/2004) |
| 09/30/2004 | 186 | BNC Certificate of Mailing - PDF Document. Service Date 09/30/2004. (Admin.) (Entered: 10/01/2004) |
| 10/01/2004 | 187 | Stipulation regarding Proof of Claim #52 (Washington Trust Company) filed by Bess Eaton Donut Flour Company Incorporated, Louis A. Gencarelli Sr. and Creditor Washington Trust Company (The). (Davis, Jennifer) (Entered: 10/01/2004) |
| 10/04/2004 | 188 | Order Granting # 184 Motion To Vacate 171 Order Sustaining Objection to Claim #52. (Davis, Jennifer) (Entered: 10/04/2004) |
| 10/04/2004 | 189 | Order Approving (#187 Stipulation regarding Proof of Claim #52 filed by Washington Trust Company) (See Order for details) (Davis, Jennifer) (Entered: 10/04/2004) |

| | | |
|---|---|---|
| 10/04/2004 | 190 | Hearing Set (re: 153 Application for Final Compensation filed by Spec. Counsel Scott T. Spear and 183 Objection filed by U.S. Trustee Leonard DePasquale). Hearing scheduled for 10/21/2004 at 09:30 AM at 6th Floor Courtroom. (Davis, Jennifer) (Entered: 10/04/2004) |
| 10/04/2004 | 191 | Memorandum of Law Filed by Creditor UPS Capital Business Credit supporting 167 Objection filed by Creditor UPS Capital Business Credit (related document(s)161 Objection to Claim filed by Debtor Louis A. Gencarelli). (Attachments: #(1) Exhibit A; #(2) Exhibit B; #(3) Exhibit C) (Filed on 10/1/04) **Supplemental Certificate of Service to Attorney Ferrucci to be filed** (Davis, Jennifer) (Entered: 10/04/2004) |
| 10/04/2004 | 192 | Supplemental Certificate of Service to Attorney Ferrucci (related document(s)191 Memorandum of Law filed by Creditor UPS Capital Business Credit). (Davis, Jennifer) (Entered: 10/05/2004) |
| 10/04/2004 | 193 | Memorandum of Law Filed by Debtor Louis A. Gencarelli Sr. supporting (related document(s)161 Objection to Claim filed by Debtor Louis A. Gencarelli). (Davis, Jennifer) (Entered: 10/05/2004) |
| 10/05/2004 | 194 | Joint Motion to Continue Hearing filed by Joseph P. Ferrucci, Theodore Orson on behalf of Charles S. Sokoloff Incorporated and Louis A. Gencarelli Sr. (related document(s)158 Objection to Claim filed by Debtor Louis A. Gencarelli and 166 Response filed by Creditor Charles S. Sokoloff Incorporated). (Davis, Jennifer) (Entered: 10/05/2004) |
| 10/05/2004 | 195 | Order Granting Motion To Continue/Reschedule Hearing On (Related Doc # 194) (related document(s) 158 Objection to Claim and 166 Response by Charles S. Sokoloff Incorporated). Hearing scheduled for 11/17/2004 at 09:30 AM at 6th Floor Courtroom. (Davis, Jennifer) (Entered: 10/05/2004) |
| 10/05/2004 | 196 | Scheduling Order (#158 Objection to Claim and 166 Response by Charles S. Sokoloff Incorporated). (See Order for details) (Davis, Jennifer) (Entered: 10/05/2004) |
| 10/05/2004 | | Joint Pre-Trial Order Due re 158 Objection to Claim filed by Debtor Louis A. Gencarelli. (See 196 Scheduling Order for details). Joint Pre-Trial Order Due by: 11/10/2004. (Davis, Jennifer) (Entered: 10/05/2004) |
| 10/06/2004 | 197 | BNC Certificate of Mailing - PDF Document. Service Date 10/06/2004. (Admin.) (Entered: 10/07/2004) |
| 10/06/2004 | 198 | BNC Certificate of Mailing - PDF Document. Service Date |

| | | |
|---|---|---|
| | | 10/06/2004. (Admin.) (Entered: 10/07/2004) |
| 10/06/2004 | 199 | BNC Certificate of Mailing - PDF Document. Service Date 10/06/2004. (Admin.) (Entered: 10/07/2004) |
| 10/07/2004 | 200 | BNC Certificate of Mailing - PDF Document. Service Date 10/07/2004. (Admin.) (Entered: 10/08/2004) |
| 10/07/2004 | 201 | BNC Certificate of Mailing - PDF Document. Service Date 10/07/2004. (Admin.) (Entered: 10/08/2004) |
| 10/07/2004 | 202 | BNC Certificate of Mailing - PDF Document. Service Date 10/07/2004. (Admin.) (Entered: 10/08/2004) |
| 10/07/2004 | | Hearing Held (related document(s) 159 Objection to Claim of Rockville Bank filed by Debtor Louis A. Gencarelli, 162 Response filed by Rockville Bank, 160 Objection to Claim of Sara Lee filed by Debtor Louis A. Gencarelli, 163 Response filed by Creditor Sara Lee Coffee & Tea Foodservice, 161 Objection to Claim of UPS Capital Business Credit filed by Debtor Louis A. Gencarelli and 167 Objection filed by Creditor UPS Capital Business Credit). APPEARANCES: Ferrucci, McGowan, Simmons. Regarding Sara Lee claim: Settled; Ferrucci said stipulation was filed (TO BE FILED). Court heard arguments on UPS Capital claim - Court heard from Ferrucci and Simmons and took matter under advisement. As to the Rockville Bank claim, the Court heard arguments from Ferrucci and McGowan and took matter under advisement. (Davis, Jennifer) (Entered: 10/08/2004) |
| 10/08/2004 | 203 | Order Overruling Objection to Claim #30 and 31 of Claimant Rockville Bank (Related Doc # 159). (Waterman, Leah) (Entered: 10/08/2004) |
| 10/08/2004 | 204 | Order (#161 Debtor's Objection to Claim of UPS Capital Business Credit, 167 Objection of UPS Capital Business Credit), the matter is scheduled for evidentiary hearing on November 17, 2004 at 9:30 a.m. The parties are ordered to file a Joint Pre-Trial Order on or before November 12, 2004. See Order for complete details. (Waterman, Leah) (Entered: 10/08/2004) |
| 10/08/2004 | 205 | Evidentiary Hearing Set (re: 161 Objection to Claim of UPS Capital Business Credit filed by Debtor Louis A. Gencarelli and 167 Objection filed by Creditor UPS Capital Business Credit). Evidentiary Hearing scheduled for 11/17/2004 at 09:30 AM at 6th Floor Courtroom. ***Joint Pre-Trial Order due 11/12/04*** (Davis, Jennifer) (Entered: 10/08/2004) |
| | | |

| | | |
|---|---|---|
| 10/08/2004 | | Joint Pre-Trial Order Deadline re (161 Objection to Claim of UPS Capital Business Credit filed by Debtor Louis A. Gencarelli and 167 Objection filed by Creditor UPS Capital Business Credit). Joint Pre-Trial Order Due by: 11/12/2004. (Davis, Jennifer) (Entered: 10/08/2004) |
| 10/08/2004 | | Order due from Attorney Ferrucci (related document(s)141 Motion To Limit Allowance of Claims by 1500 Mineral Spring Associates, L.P. and 1800 Smith Street Associates, L.P. filed by Debtor Louis A. Gencarelli). Order Due by: 10/15/2004. (Davis, Jennifer) (Entered: 10/08/2004) |
| 10/10/2004 | 206 | BNC Certificate of Mailing - PDF Document. Service Date 10/10/2004. (Admin.) (Entered: 10/11/2004) |
| 10/10/2004 | 207 | BNC Certificate of Mailing - PDF Document. Service Date 10/10/2004. (Admin.) (Entered: 10/11/2004) |
| 10/10/2004 | 208 | BNC Certificate of Mailing - PDF Document. Service Date 10/10/2004. (Admin.) (Entered: 10/11/2004) |
| 10/19/2004 | 209 | Addendum/Amendment filed by Spec. Counsel Scott T. Spear (related document(s)153 Application for Final Compensation filed by Spec. Counsel Scott T. Spear). (Davis, Jennifer) (Entered: 10/19/2004) |
| 10/20/2004 | 210 | Motion to Assume Lease between Louis A. Gencarelli, Sr. and Porsche Financial Services Filed by Joseph P. Ferrucci on behalf of Louis A. Gencarelli Sr. Objections to Motion Due: 11/2/2004. (Davis, Jennifer) (Entered: 10/21/2004) |
| 10/21/2004 | | Hearing Not Held (re: 153 Application for Final Compensation, filed by Spec. Counsel Scott T. Spear, 183 Objection filed by U.S. Trustee Leonard DePasquale). Order Due by: 11/1/2004. Application has been amended (addendum filed) and may be granted by agreement of parties. (Cory, Lucinda) (Entered: 10/21/2004) |
| 10/22/2004 | 211 | Order Allowing for Scott T. Spear (Re 153). Application For Final Compensation in the amount of $2,257.00, expenses in the amount of $67.00. Click on hyperlink for this document to view complete record of fees awarded. (See also 209 Addendum). (Davis, Jennifer) (Entered: 10/22/2004) |
| 10/24/2004 | 212 | BNC Certificate of Mailing - PDF Document. Service Date 10/24/2004. (Admin.) (Entered: 10/25/2004) |
| 10/26/2004 | 213 | Withdrawal of Claim(s): 44 Filed by Interested Party Internal |

| | | |
|---|---|---|
| | | Revenue Service . (Cory, Lucinda) (Entered: 10/26/2004) |
| 10/27/2004 | | Request by Linda Rekas Sloan Rockville Bank for No Future Notice. This event is to be used solely by counsel for a creditor or an interested party where there are no contested matters pending that they are a party to. If counsel for a debtor, trustee or party in a contested matter wishes to withdraw their appearance, a Motion to Withdraw as Counsel must be filed with the Court in compliance with LBR 9010-1(e)(4). Filed by Creditor Rockville Bank. (Sloan, Linda) (Entered: 10/27/2004) |
| 10/27/2004 | 214 | Motion For Authority to Release a Portion of Excess Sales Proceeds to Debtor filed by Joseph P. Ferrucci on behalf of Louis A. Gencarelli Sr. Objections to Motion Due: 11/2/2004. (Attachments: #(1) Memorandum of Law) (Per Chambers, to be heard on expedited basis; objection deadline of 11/2 is okay and matter to be scheduled for hearing on 11/3/04 at 9:30 a.m.) (Davis, Jennifer) (Entered: 10/28/2004) |
| 10/28/2004 | 215 | Hearing Set (re: 214 Motion For Authority to Release a Portion of Excess Sales Proceeds to Debtor filed by Debtor Louis A. Gencarelli). Hearing scheduled for 11/3/2004 at 09:30 AM at 6th Floor Courtroom. (Davis, Jennifer) (Entered: 10/28/2004) |
| 10/30/2004 | 216 | BNC Certificate of Mailing - PDF Document. Service Date 10/30/2004. (Admin.) (Entered: 10/31/2004) |
| 11/01/2004 | 217 | Proposed consent Order Filed by Interested Party Bess Eaton Donut Flour Company Incorporated , Debtor Louis A. Gencarelli Sr., Creditor Sara Lee Coffee & Tea Foodservice (related document(s)160 Objection to Claim of Sara Lee Coffee & Tea Foodservice filed by Debtor Louis A. Gencarelli). (DAgostino, Holly) (Entered: 11/01/2004) |
| 11/02/2004 | | Request by Thomas M. Petronio on behalf of R.I. Green, Inc. for No Future Notice. This event is to be used solely by counsel for a creditor or an interested party where there are no contested matters pending that they are a party to. If counsel for a debtor, trustee or party in a contested matter wishes to withdraw their appearance, a Motion to Withdraw as Counsel must be filed with the Court in compliance with LBR 9010-1(e)(4). (Davis, Jennifer) (Entered: 11/02/2004) |
| 11/02/2004 | 218 | Objection filed by Creditor 1800 Smith Street Associates LP and 1500 Mineral Spring Associates LP by and through their general partner Jason's Realty Corp. re 214 Motion For Authority to Release a Portion of Excess Sales Proceeds to Debtor filed by Debtor Louis A. Gencarelli). (Davis, Jennifer) (Entered: 11/02/2004) |
| | | |

| | | |
|---|---|---|
| 11/02/2004 | 219 | Motion to Dismiss Case filed by Creditors 1800 Smith Street Associates LP and 1500 Mineral Spring Associates LP by and through their general partner Jason's Realty Corp. Objections to Motion Due: 11/15/2004. (Attachments: #(1) Memorandum of Law) (Davis, Jennifer) (Entered: 11/02/2004) |
| 11/03/2004 | 220 | Order Granting Motion For Authority to Release a Portion of Excess Sales Proceeds to Debtor filed by Joseph P. Ferrucci on behalf of Louis A. Gencarelli Sr. (Related Doc # 214). (See Order for details) (Davis, Jennifer) Additional attachment(s) added on 11/3/2004 (Venuti, Jody). (Entered: 11/03/2004) |
| 11/03/2004 | | Request by Andrew S. Harmon Aurora Loan Services, Inc. for No Future Notice. This event is to be used solely by counsel for a creditor or an interested party where there are no contested matters pending that they are a party to. If counsel for a debtor, trustee or party in a contested matter wishes to withdraw their appearance, a Motion to Withdraw as Counsel must be filed with the Court in compliance with LBR 9010-1(e)(4). Filed by Creditor Aurora Loan Services, Inc.. (Harmon, Andrew) (Entered: 11/03/2004) |
| 11/03/2004 | 221 | BNC Service of Document: (related document(s)220 Order Granting Motion For Authority). (Inadvertently not mailed through the BNC within event) (Davis, Jennifer) (Entered: 11/03/2004) |
| 11/03/2004 | | Hearing Held (related document(s)214 Motion For Authority Release a Portion of Excess Sales Proceeds to Debtor filed by Debtor Louis A. Gencarelli, 218 Objection filed by Creditor 1800 Smith Street Associates LP and 1500 Mineral Spring Associates LP by and through their general partner Jason's Realty Corp. and 219 Motion to Dismiss Case filed by Creditor 1800 Smith Street Associates LP and 1500 Mineral Spring Associates LP by and through their general partner Jason's Realty Corp.). APPEARANCES: Ferrucci, Wieck. Arguments by Ferrucci against slowing down payments. There is still cash on hand to pay Smith Street and Mineral Spring Associates. Statements by Wieck regarding Debtor's solvency, issues of bad faith. The Court addresses the Motion to Dismiss filed by Creditor 1800 Smith Street Associates LP and 1500 Mineral Spring Associates LP by and through their general partner Jason's Realty Corp. and denies the motion. Court grants Debtor's Motion for Authority to Release Portion of Proceeds. (Order submitted in Court). Ferrucci to file Order Denying Motion to Dismiss. Order Due by: 11/15/2004. (Davis, Jennifer) (Entered: 11/04/2004) |
| 11/04/2004 | 222 | Order Approving (# 217 Stipulation/Proposed Consent Order regarding claims of Sara Lee Coffee & Tea Foodservice) (See Order for details) (Davis, Jennifer) (Entered: 11/04/2004) |
| | | |

| | | |
|---|---|---|
| 11/05/2004 | 224 | Joint Motion to Continue Hearing filed by Creditor Charles S. Sokoloff Incorporated and Debtor Louis A. Gencarelli Sr. (related document(s)158 Objection to Claim filed by Debtor Louis A. Gencarelli, 166 Response filed by Creditor Charles S. Sokoloff Incorporated). (Davis, Jennifer) (Entered: 11/05/2004) |
| 11/05/2004 | 225 | BNC Certificate of Mailing - PDF Document. (RE:related documents (s) 221 BNC Service of Document) Service Date 11/05/2004. (Admin.) (Entered: 11/06/2004) |
| 11/06/2004 | 226 | BNC Certificate of Mailing - PDF Document. (RE:related documents (s) 222 Order) Service Date 11/06/2004. (Admin.) (Entered: 11/07/2004) |
| 11/07/2004 | 227 | BNC Certificate of Mailing - PDF Document. (RE:related documents (s) 223 Terminate Attorney) Service Date 11/07/2004. (Admin.) (Entered: 11/08/2004) |
| 11/08/2004 | 228 | Order Granting Motion To Continue/Reschedule Hearing On (Related Doc # 224) (related document(s) 158 Objection to Claim and 166 Response by Charles S. Sokoloff Incorporated). Hearing scheduled for 12/8/2004 at 09:30 AM at 6th Floor Courtroom. (Davis, Jennifer) (Entered: 11/08/2004) |
| 11/08/2004 | 229 | Scheduling Order (#158 Objection to Claim and 166 Response by Charles S. Sokoloff Incorporated) (See Order for details) (Davis, Jennifer) (Entered: 11/08/2004) |
| 11/08/2004 | | Joint Pre-Trial Order Deadline re (158 Objection to Claim filed by Debtor Louis A. Gencarelli). (See 229 Scheduling Order for details) Joint Pre-Trial Order Due by: 12/2/2004. (Davis, Jennifer) (Entered: 11/08/2004) |
| 11/08/2004 | 230 | Joint Motion to Continue Hearing filed by Debtor Louis A. Gencarelli Sr. and Creditor UPS Capital Business Credit (related document(s) 161 Objection to Claim filed by Debtor Louis A. Gencarelli and 167 Objection filed by Creditor UPS Capital Business Credit). (Davis, Jennifer) (Entered: 11/08/2004) |
| 11/08/2004 | 231 | Document terminated: (related document(s):141 Motion To Limit Allowance of Claims by 1500 Mineral Spring Associates, L.P. and 1800 Smith Street Associates, L.P. Filed by Joseph P. Ferrucci on behalf of Louis A. Gencarelli Sr.) (Davis, Jennifer) (Entered: 11/08/2004) |
| 11/08/2004 | 232 | Judge's Order Requesting Position From U.S. Trustee Leonard DePasquale (re: 210 Motion to Assume Lease between Louis A. |

| | | |
|---|---|---|
| | | Gencarelli, Sr. and Porsche Financial Services filed by Debtor Louis A. Gencarelli) Due by: 11/18/2004. (Davis, Jennifer) (Entered: 11/08/2004) |
| 11/08/2004 | 233 | Judge's Order Requesting Position From Creditors' Committee (re:210 Motion to Assume Lease between Louis A. Gencarelli, Sr. and Porsche Financial Services Filed by Joseph P. Ferrucci on behalf of Louis A. Gencarelli Sr.) Due by: 11/18/2004. (Davis, Jennifer) (Entered: 11/08/2004) |
| 11/08/2004 | 234 | Proposed Order After Hearing filed by Debtor Louis A. Gencarelli Sr. (related document(s)219 Motion to Dismiss Case filed by Creditor 1800 Smith Street Associates LP and 1500 Mineral Spring Associates LP by and through their general partner Jason's Realty Corp.). (Davis, Jennifer) (Entered: 11/09/2004) |
| 11/09/2004 | 235 | Order Denying Without Prejudice Joint Motion To Continue Hearing On (Related Doc # 230 Motion to Continue). (See Order for details) (Davis, Jennifer) Modified text on 11/9/2004 (Venuti, Jody). (Entered: 11/09/2004) |
| 11/10/2004 | 236 | Order Denying Motion to Dismiss Case (Related Doc # 219). Appeals/Motion for Reconsideration Due by: 11/22/2004. (Davis, Jennifer) (Entered: 11/10/2004) |
| 11/10/2004 | 237 | Judgment Order (re:236 Order Denying Motion to Dismiss Case) (Davis, Jennifer) (Entered: 11/10/2004) |
| 11/10/2004 | 238 | Proposed Order After Hearing Filed by Debtor Louis A. Gencarelli Sr. (related document(s)141 Motion To Limit Allowance of Claims by 1500 Mineral Spring Associates, L.P. and 1800 Smith Street Associates, L.P. Filed by Joseph P. Ferrucci on behalf of Louis A. Gencarelli Sr.) (Attachments: #(1) Cover letter (2)Transcript (Filed on 11/9/04) (Davis, Jennifer) Additional attachment(s) added on 11/18/2004 (Venuti, Jody). (Entered: 11/10/2004) |
| 11/10/2004 | 239 | Proposed Order After Hearing Filed by Creditors 1500 Mineral Spring Associates LP, 1800 Smith Street Associates LP, Jason's Realty Corp. (related document(s)141 Motion To Limit Allowance of Claims by 1500 Mineral Spring Associates, L.P. and 1800 Smith Street Associates, L.P. Filed by Joseph P. Ferrucci on behalf of Louis A. Gencarelli Sr.) (Attachments: #(1) Exhibit 1, #(2) Exhibit A; #(3) Exhibit B; #(4) Exhibit C; #(5) Exhibit D; #(6) Exhibit E; #(7) Exhibit 2) (Filed on 11/9/04) (Davis, Jennifer) (Entered: 11/10/2004) |
| 11/10/2004 | 240 | Joint Motion to Continue Hearing filed by Debtor Louis A. Gencarelli Sr. and Creditor UPS Capital Business Credit (related document(s) 161 Objection to Claim filed by Debtor Louis A. Gencarelli and 167 |

| | | |
|---|---|---|
| | | Objection filed by Creditor UPS Capital Business Credit). (Davis, Jennifer) (Entered: 11/10/2004) |
| 11/10/2004 | 241 | BNC Certificate of Mailing - PDF Document. (RE:related documents (s) 232 Order Requesting Position filed by U.S. Trustee Leonard DePasquale) Service Date 11/10/2004. (Admin.) (Entered: 11/11/2004) |
| 11/10/2004 | 242 | BNC Certificate of Mailing - PDF Document. (RE:related documents (s) 233 Order Requesting Position, filed by Creditor Committee Creditors' Committee) Service Date 11/10/2004. (Admin.) (Entered: 11/11/2004) |
| 11/10/2004 | 243 | BNC Certificate of Mailing - PDF Document. (RE:related documents (s) 228 Order on Motion to Continue/Reschedule Hearing, ) Service Date 11/10/2004. (Admin.) (Entered: 11/11/2004) |
| 11/10/2004 | 244 | BNC Certificate of Mailing - PDF Document. (RE:related documents (s) 231 Terminate Document) Service Date 11/10/2004. (Admin.) (Entered: 11/11/2004) |
| 11/10/2004 | 245 | BNC Certificate of Mailing - PDF Document. (RE:related documents (s) 228 Order on Motion to Continue/Reschedule Hearing, ) Service Date 11/10/2004. (Admin.) (Entered: 11/11/2004) |
| 11/10/2004 | 246 | BNC Certificate of Mailing - PDF Document. (RE:related documents (s) 229 Order) Service Date 11/10/2004. (Admin.) (Entered: 11/11/2004) |
| 11/11/2004 | 247 | BNC Certificate of Mailing - PDF Document. (RE:related documents (s) 235 Order on Motion to Continue/Reschedule Hearing) Service Date 11/11/2004. (Admin.) (Entered: 11/12/2004) |
| 11/12/2004 | 248 | Order Granting Motion To Continue/Reschedule Hearing On (Related Doc # 240) (related document(s)161 Objection to Claim of UPS Capital Business Credit by Louis A. Gencarelli, 167 Objection by UPS Capital Business Credit). Hearing rescheduled for 12/8/2004 at 09:30 AM at 6th Floor Courtroom. (DAgostino, Holly) (Entered: 11/12/2004) |
| 11/12/2004 | | Joint Pre-Trial Order Deadline re(161 Objection to Claim of UPS Business Capital filed by Debtor Louis A. Gencarelli). Joint Pre-Trial Order Due by:12/3/2004. (DAgostino, Holly) (Entered: 11/12/2004) |
| 11/12/2004 | 249 | Hearing Continued re 161 Objection to Claim of UPS Capital Business Credit filed by Debtor Louis A. Gencarelli, 167 Objection filed by Creditor UPS Capital Business Credit. Hearing scheduled for |

| | | |
|---|---|---|
| | | 12/15/2004 at 09:30 AM at 6th Floor Courtroom. PLEASE NOTE: this hearing has been RESCHEDULED from 12/8/04. A JOINT PRETRIAL ORDER is due on 12/10/04. (DAgostino, Holly) (Entered: 11/12/2004) |
| 11/12/2004 | | Joint Pre-Trial Order Deadline re(161 Objection to Claim, filed by Debtor Louis A. Gencarelli). Joint Pre-Trial Order Due by:12/10/2004. (DAgostino, Holly) (Entered: 11/12/2004) |
| 11/12/2004 | 250 | BNC Certificate of Mailing - PDF Document. (RE:related documents (s) 237 Judgment Order (ap/bk)) Service Date 11/12/2004. (Admin.) (Entered: 11/13/2004) |
| 11/12/2004 | 251 | BNC Certificate of Mailing - PDF Document. (RE:related documents (s) 236 Order on Motion to Dismiss Case) Service Date 11/12/2004. (Admin.) (Entered: 11/13/2004) |
| 11/14/2004 | 252 | BNC Certificate of Mailing - PDF Document. (RE:related documents (s) 248 Order on Motion to Continue/Reschedule Hearing, ) Service Date 11/14/2004. (Admin.) (Entered: 11/15/2004) |
| 11/14/2004 | 253 | BNC Certificate of Mailing - PDF Document. (RE:related documents (s) 248 Order on Motion to Continue/Reschedule Hearing, ) Service Date 11/14/2004. (Admin.) (Entered: 11/15/2004) |
| 11/14/2004 | 254 | BNC Certificate of Mailing - PDF Document. (RE:related documents (s) 249 Hearing (Bk) Cont, Hearing (Bk) Cont) Service Date 11/14/2004. (Admin.) (Entered: 11/15/2004) |
| 11/17/2004 | 255 | Response to *Debtor's Motion to Assume Automobile Lease - No Objection* Filed by U.S. Trustee Leonard DePasquale re 210 Motion to Assume/Reject filed by Debtor Louis A. Gencarelli). (DePasquale, Leonard) (Entered: 11/17/2004) |
| 11/18/2004 | 256 | Response to *Debtor's Motion to Assume Lease* Filed by Creditor Committee Creditors' Committee re 210 Motion to Assume/Reject filed by Debtor Louis A. Gencarelli). (Attachments: # 1 Certificate of Service) (Jeffery, D.) (Entered: 11/18/2004) |
| 11/18/2004 | 257 | Addendum/Transcript (inadvertently not attached to proposed order at time of filing) Filed by Debtor Louis A. Gencarelli Sr. (related document(s)238 Proposed Order After Hearing filed by Debtor Louis A. Gencarelli). (Attachments: #(1) Cover letter) (Filed on 11/10/04) (Davis, Jennifer) (Entered: 11/18/2004) |
| 11/19/2004 | 258 | Notice of Appeal. Receipt Number 61179, Fee Amount $255 Filed by Robert D. Wieck, Denean M. Russo on behalf of 1500 Mineral Spring |

| | | |
|---|---|---|
| | | Associates LP, 1800 Smith Street Associates LP, by and through their General Partner Jason's Realty Corp. (related document(s)236 Order Denying Motion to Dismiss Case). (Attachments: #(1) Receipt) (Davis, Jennifer) [C.A. No. 04-496T] Additional attachment(s) added on 11/19/2004 (Venuti, Jody). Modified text on 12/14/2004 (Venuti, Jody). (Entered: 11/19/2004) |
| 11/19/2004 | 259 | BNC Service of Document: ***NOTICE*** re: (related document(s) 258 Notice of Appeal filed by Creditor 1500 Mineral Spring Associates LP, Creditor 1800 Smith Street Associates LP, by and through their General Partner Jason's Realty Corp.). (Davis, Jennifer) (Entered: 11/19/2004) |
| 11/19/2004 | 260 | Appellant District Court Election Filed by Denean M. Russo on behalf of 1500 Mineral Spring Associates LP, 1800 Smith Street Associates LP, by and through their General Partner Jason's Realty Corp. (related document(s)258 Notice of Appeal filed by Creditor 1500 Mineral Spring Associates LP, 1800 Smith Street Associates LP by and through their General Partner Jason's Realty Corp.). (Davis, Jennifer) (Entered: 11/19/2004) |
| 11/19/2004 | 261 | Motion for Leave to Appeal Filed by Creditors 1500 Mineral Spring Associates LP, 1800 Smith Street Associates LP, by and through their General Partner Jason's Realty Corp. re: 258 Notice of Appeal (related document(s)236 Order Denying Motion to Dismiss Case). Objections to Motion Due: 12/2/2004. (Attachments: #(1) Memorandum of Law) (Davis, Jennifer) (Entered: 11/19/2004) |
| 11/19/2004 | 262 | Court Notice to District Court re: transmission of appeal (related document(s)258 Notice of Appeal filed by Creditor 1500 Mineral Spring Associates LP, Creditor 1800 Smith Street Associates LP, by and through their General Partner Jason's Realty Corp.). (Davis, Jennifer) (Entered: 11/19/2004) |
| 11/21/2004 | 263 | BNC Certificate of Mailing - PDF Document. (RE:related documents (s) 259 BNC Service of Document, ) Service Date 11/21/2004. (Admin.) (Entered: 11/22/2004) |
| 11/21/2004 | 264 | BNC Certificate of Mailing - PDF Document. (RE:related documents (s) 262 Court Notice, ) Service Date 11/21/2004. (Admin.) (Entered: 11/22/2004) |
| 11/22/2004 | | Request by Mark A. McSally on behalf of Narragansett Pier Associates for No Future Notice. This event is to be used solely by counsel for a creditor or an interested party where there are no contested matters pending that they are a party to. If counsel for a debtor, trustee or party in a contested matter wishes to withdraw their appearance, a Motion to Withdraw as Counsel must be filed with the |

| | | |
|---|---|---|
| | | Court in compliance with LBR 9010-1(e)(4). (Pleading entitled "Withdrawal of Appearance") (Davis, Jennifer) (Entered: 11/22/2004) |
| 11/22/2004 | 265 | Order Granting Motion To Limit Allowance of Claims by 1500 Mineral Spring Associates, L.P. and 1800 Smith Street Associates, L.P. Filed by Joseph P. Ferrucci on behalf of Louis A. Gencarelli Sr. (related document(s)141 Generic Motion). (See Order for details) (Davis, Jennifer) (Entered: 11/22/2004) |
| 11/22/2004 | 266 | Stipulation resolving claims of Charles S. Sokoloff, Inc. filed by Bess Eaton Donut Flour Company Incorporated, Creditor Charles S. Sokoloff Incorporated and Debtor Louis A. Gencarelli Sr. (related document(s)158 Objection to Claim filed by Debtor Louis A. Gencarelli and 166 Response filed by Creditor Charles S. Sokoloff Incorporated). (See Stipulation for details) (Davis, Jennifer) (Entered: 11/22/2004) |
| 11/23/2004 | 267 | Order Granting Motion To Assume Lease between Louis A. Gencarelli, Sr. and Porsche Financial Services (Related Doc # 210). (Davis, Jennifer) (Entered: 11/23/2004) |
| 11/23/2004 | 268 | District Court Notice (related document(s)258 Notice of Appeal, filed by Creditor 1500 Mineral Spring Associates LP, Creditor Jason's Realty Corp., Creditor 1800 Smith Street Associates LP). CA No. 04-496T (DAgostino, Holly) (Entered: 11/24/2004) |
| 11/24/2004 | 269 | BNC Certificate of Mailing - PDF Document. (RE:related documents (s) 265 Generic Order, ) Service Date 11/24/2004. (Admin.) (Entered: 11/25/2004) |
| 11/25/2004 | 270 | BNC Certificate of Mailing - PDF Document. (RE:related documents (s) 267 Order on Motion to Assume/Reject) Service Date 11/25/2004. (Admin.) (Entered: 11/26/2004) |
| 11/29/2004 | 271 | Order Approving (#266 Stipulation resolving claims of Charles S. Sokoloff, Inc.) (Davis, Jennifer) (Entered: 11/29/2004) |
| 11/29/2004 | | Hearing Not Held (re: 158 Objection to Claim of Charles S. Sokoloff (Claim #71) filed by Debtor Louis A. Gencarelli and 166 Response filed by Creditor Charles S. Sokoloff Incorporated) -- Stipulation filed and Approved -- See Doc 271. (Davis, Jennifer) (Entered: 11/29/2004) |
| 12/01/2004 | 272 | BNC Certificate of Mailing - PDF Document. (RE:related documents (s) 271 Order) Service Date 12/01/2004. (Admin.) (Entered: 12/02/2004) |
| | | |

| | | |
|---|---|---|
| 12/02/2004 | 273 | Defective Document/Fee Due -- Received: 12/1/04. Amendment to Schedule F (to delete creditor, Transamerica Life Co.) Filed By Debtor Louis A. Gencarelli Sr. Filing fee due in the amount of $26.00. Document is defective because: The filing fee was not included. Compliance with Defective Document FEE DUE Notice By: 12/15/2004. (Davis, Jennifer) Modified attachment on 12/3/2004 (Venuti, Jody). (Entered: 12/02/2004) |
| 12/02/2004 | 274 | Notice of Appeal. Receipt Number 61252, Fee Amount $255 Filed by Robert D. Wieck on behalf of 1800 Smith Street Associates LP and 1500 Mineral Spring Associates LP, by and through their General Partner Jason's Realty Corp. (related document(s)265 Order Granting Motion To Limit Allowance of Claims). Statement of Issues on Appeal due by: 12/13/2004. Appellant Designation due by: 12/13/2004. (Attachments: #(1) Receipt (2) Notice) (Davis, Jennifer) Additional attachment(s) added on 12/2/2004 (Venuti, Jody). (Entered: 12/02/2004) |
| 12/02/2004 | 275 | Appellant District Court Election Filed by Robert D. Wieck on behalf of 1800 Smith Street Associates LP and 1500 Mineral Spring Associates LP, by and through their General Partner Jason's Realty Corp. (related document(s)274 Notice of Appeal filed by Creditor 1800 Smith Street Associates LP and 1500 Mineral Spring Associates LP, by and through their General Partner Jason's Realty Corp.) (Davis, Jennifer) (Entered: 12/02/2004) |
| 12/02/2004 | 276 | Court Notice to District Court re: transmission of appeal (related document(s) 274 Notice of Appeal filed by Creditor 1500 Mineral Spring Associates LP, Creditor 1800 Smith Street Associates LP, by and through their General Partner Jason's Realty Corp.) (Davis, Jennifer) (Entered: 12/02/2004) |
| 12/02/2004 | 277 | BNC Service of Document: ***NOTICE*** re: (related document(s) 274 Notice of Appeal filed by Creditor, 1800 Smith Street Associates LP and 1500 Mineral Spring Associates LP, by and through their General Partner Jason's Realty Corp. (Davis, Jennifer) (Entered: 12/02/2004) |
| 12/02/2004 | 278 | Motion to Extend Time until 12/10/04 to Respond/Object Filed by Debtor Louis A. Gencarelli Sr. (related document(s)261 Motion for Leave to Appeal re: 258 Notice of Appeal re: 236 Order Denying Motion to Dismiss Case filed by Creditor 1500 Mineral Spring Associates LP, Creditor Jason's Realty Corp., Creditor 1800 Smith Street Associates LP). (Spaight, Linda) (Entered: 12/03/2004) |
| 12/03/2004 | 279 | Court Notice to U.S. District Court enclosing (related document(s) 278 Motion to Extend Time to repond/object to #261 filed by Debtor Louis A. Gencarelli and 261 Motion for Leave to Appeal (w/memo) |

| | | |
|---|---|---|
| | | filed by Creditor/Appellants 1500 Mineral Spring Associates LP, Creditor Jason's Realty Corp., Creditor 1800 Smith Street Associates LP). Status Check Due by: 12/8/2004. (Spaight, Linda) (Entered: 12/03/2004) |
| 12/04/2004 | 280 | BNC Certificate of Mailing - PDF Document. (RE:related documents (s) 273 Notice of Defective Defective Pleading/Fee Due, filed by Debtor Louis A. Gencarelli) Service Date 12/04/2004. (Admin.) (Entered: 12/05/2004) |
| 12/04/2004 | 281 | BNC Certificate of Mailing - PDF Document. (RE:related documents (s) 277 BNC Service of Document, ) Service Date 12/04/2004. (Admin.) (Entered: 12/05/2004) |
| 12/05/2004 | 282 | BNC Certificate of Mailing - PDF Document. (RE:related documents (s) 279 Court Notice, ) Service Date 12/05/2004. (Admin.) (Entered: 12/06/2004) |
| 12/07/2004 | 283 | Amendment to Schedule F TO DELETE CREDITOR (Transamerica Life Co.). Receipt Number 61288, Fee Amount $26 Filed by Debtor Louis A. Gencarelli Sr. (Creditor removed from case) (Davis, Jennifer) (Entered: 12/08/2004) |
| 12/09/2004 | 284 | Transcript Uploaded by Transcriber Company. (J & J Court Transcribers, Inc., ) (Entered: 12/09/2004) |
| 12/10/2004 | 285 | Joint Pre-Trial Order Filed by Bess Eaton Donut Flour Company Incorporated, Debtor Louis A. Gencarelli Sr. and Creditor UPS Capital Business Credit (related document(s)161 Objection to Claim filed by Debtor Louis A. Gencarelli, 167 Objection filed by Creditor UPS Capital Business Credit). (Davis, Jennifer) (Entered: 12/10/2004) |
| 12/10/2004 | 286 | Motion For Authority to Release a Portion of Excess Sales Proceeds to Debtor filed by Debtor Louis A. Gencarelli Sr. Objections to Motion Due: 12/23/2004. (Attachments: #(1) Memorandum of Law) (Davis, Jennifer) (Entered: 12/10/2004) |
| 12/10/2004 | 287 | Motion to Expedite Hearing filed by Debtor Louis A. Gencarelli Sr. (related document(s)286 Motion For Authority filed by Debtor Louis A. Gencarelli). (Attachments: #(1) Memorandum of Law) (Davis, Jennifer) (Entered: 12/10/2004) |
| 12/10/2004 | 288 | Objection filed by Debtor Louis A. Gencarelli Sr. to 261 Motion for Leave to Appeal filed by Creditors 1800 Smith Street Associates, LP and 1500 Mineral Spring Associates, by and through their General Partner, Jason's Realty Corp.). (Attachments: #(1) Memorandum of |

| | | |
|---|---|---|
| | | Law; #(2) Exhibit A; #(3) Exhibit B) (Davis, Jennifer) (Entered: 12/10/2004) |
| 12/10/2004 | 289 | Motion for Leave to File Exhibits in Excess filed by Debtor Louis A. Gencarelli Sr. Objections to Motion Due: 12/23/2004. (Davis, Jennifer) (Entered: 12/10/2004) |
| 12/10/2004 | 290 | Court Notice to U.S. District Court enclosing (related document(s) 288 Objection filed by Debtor Louis A. Gencarelli to 261 Motion for Leave to Appeal AND 289 Motion for Leave to File Exhibits in Excess filed by Debtor Louis A. Gencarelli). (Davis, Jennifer) (Entered: 12/10/2004) |
| 12/13/2004 | | Per Chambers, Objection/Response Deadline Set (related document: 287 Motion to Expedite Hearing filed by Debtor Louis A. Gencarelli) Objections to Motion Due: 12/15/2004. (Davis, Jennifer) (Entered: 12/13/2004) |
| 12/13/2004 | 291 | Hearing Set (re: 287 Motion to Expedite Hearing filed by Debtor Louis A. Gencarelli). Hearing scheduled for 12/16/2004 at 09:30 AM at 6th Floor Courtroom. (Davis, Jennifer) (Entered: 12/13/2004) |
| 12/13/2004 | 292 | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Robert D. Wieck on behalf of 1500 Mineral Spring Associates LP and 1800 Smith Street Associates LP, by and through their General Partner, Jason's Realty Corp. (related document(s)274 Notice of Appeal filed by Creditor 1500 Mineral Spring Associates LP and Creditor 1800 Smith Street Associates LP, by and through their General Partner Jason's Realty Corp.). Appellee designation due by 12/23/2004. Transmission of Designation Due by 1/12/2005. (Filed on 12/10/04) (Davis, Jennifer) (Entered: 12/13/2004) |
| 12/13/2004 | 293 | Statement of Issues on Appeal filed by Robert D. Wieck on behalf of 1500 Mineral Spring Associates LP and 1800 Smith Street Associates LP, by and through their General Partner, Jason's Realty Corp. (related document(s)274 Notice of Appeal filed by Creditor 1500 Mineral Spring Associates LP and Creditor 1800 Smith Street Associates LP, through their General Partner Jason's Realty Corp.). (Filed on 12/10/04) (Davis, Jennifer) (Entered: 12/13/2004) |
| 12/13/2004 | 294 | Request for Transcript re: Appeal filed by Robert D. Wieck on behalf of 1500 Mineral Spring Associates LP and 1800 Smith Street Associates LP, by and through their General Partner Jason's Realty Corp. (related document(s)274 Notice of Appeal filed by Creditor 1500 Mineral Spring Associates LP and 1800 Smith Street Associates LP, by and through their General Partner Jason's Realty Corp.). (Filed on 12/10/04). Transcript Due by 1/12/2005. (Filed on 12/10/04) (Davis, Jennifer) (Entered: 12/13/2004) |

| | | |
|---|---|---|
| 12/15/2004 | 295 | Addendum/Supplement filed by Creditor UPS Capital Business Credit to 285 Joint Pre-Trial Order filed by Bess Eaton Donut Flour Company Incorporated, Debtor Louis A. Gencarelli and Creditor UPS Capital Business Credit) re 161 Objection to Claim and 167 Objection. (Davis, Jennifer) (Entered: 12/15/2004) |
| 12/15/2004 | 296 | Addendum/Supplement filed by Debtor Louis A. Gencarelli Sr. (related document(s)286 Motion For Authority to Release a Portion of Excess Sales Proceeds filed by Debtor Louis A. Gencarelli and 287 Motion to Expedite Hearing filed by Debtor Louis A. Gencarelli). (Davis, Jennifer) (Entered: 12/15/2004) |
| 12/15/2004 | | Hearing Not Held (re: 287 Motion to Expedite Hearing filed by Debtor Louis A. Gencarelli) -- No objections filed -- Order to be entered granting motion. (Davis, Jennifer) (Entered: 12/15/2004) |
| 12/15/2004 | 297 | Order Granting Motion to Expedite Hearing (Related Doc # 287). (Davis, Jennifer) (Entered: 12/15/2004) |
| 12/15/2004 | | Objection/Response Deadline Set (related document:286 Motion For Authority to Release a Portion of Excess Sales Proceeds to Debtor filed by Debtor Louis A. Gencarelli). Objections to Motion Due: 12/20/2004 DUE BY 4:00 (Per Chambers). **HEARING POSSIBLE FOR 12/22/04 -- Parties notified via telephone notice) (Davis, Jennifer) (Entered: 12/15/2004) |
| 12/15/2004 | 298 | BNC Certificate of Mailing - PDF Document. (RE:related documents (s) 291 Hearing) Service Date 12/15/2004. (Admin.) (Entered: 12/16/2004) |
| 12/15/2004 | 299 | Hearing Held and Continued for Conference re 161 Objection to Claim filed by Debtor Louis A. Gencarelli and 167 Objection filed by Creditor UPS Capital Business Credit. APPEARANCES: Mulhearn, Simmons. Simmons called 1) Jeffrey B. Dahms; cross by Mulhearn; re-direct by Simmons. Parties gave final argument. Court continued the matter for conference on 12/16/2004 at 11:00 AM at 6th Floor Courtroom. (Davis, Jennifer) (Entered: 12/16/2004) |
| 12/16/2004 | 300 | Hearing Held and Continued re 161 Objection to Claim filed by Debtor Louis A. Gencarelli, 167 Objection filed by Creditor UPS Capital Business Credit. Appearences: Ferrucci, Mulhearn, Simmons. Court conducted a conference. Creditor is given an opportunity to present more evidence on claim. Parties to discuss settlement in the interim. Matter continued for 12/22/2004 at 09:30 AM at 6th Floor Courtroom. (DAgostino, Holly) (Entered: 12/17/2004) |
| 12/17/2004 | 301 | BNC Certificate of Mailing - PDF Document. (RE:related documents (s) 297 Order on Motion to Expedite Hearing) Service Date |

| | | |
|---|---|---|
| | | 12/17/2004. (Admin.) (Entered: 12/18/2004) |
| 12/19/2004 | 302 | BNC Certificate of Mailing - PDF Document. (RE:related documents (s) 300 Hearing (Bk) Cont, Hearing (Bk) Cont) Service Date 12/19/2004. (Admin.) (Entered: 12/20/2004) |
| 12/20/2004 | 303 | AMENDED Appellant District Court Election Filed by Denean M. Russo on behalf of 1500 Mineral Spring Associates LP and 1800 Smith Street Associates LP, by and through their General Partner Jason's Realty Corp. (related document(s)274 Notice of Appeal filed by Creditor 1500 Mineral Spring Associates LP and 1800 Smith Street Associates LP, by and through their General Partner Jason's Realty Corp). (This is amending doc 275) (Filed on 12/17/04) (Davis, Jennifer) (Entered: 12/20/2004) |
| 12/20/2004 | 304 | AMENDED Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Denean M. Russo on behalf of 1500 Mineral Spring Associates LP and 1800 Smith Street Associates LP, by and through their General Partner, Jason's Realty Corp. (related document(s)274 Notice of Appeal filed by Creditor 1500 Mineral Spring Associates LP and 1800 Smith Street Associates LP, by and through their General Partner, Jason's Realty Corp). (This is amending doc 292) (Filed on 12/17/04) (Davis, Jennifer) (Entered: 12/20/2004) |
| 12/20/2004 | 305 | AMENDED Statement of Issues on Appeal Filed by Denean M. Russo on behalf of 1500 Mineral Spring Associates LP and 1800 Smith Street Associates LP, by and through their General Partner, Jason's Realty Corp. (related document(s)274 Notice of Appeal filed by Creditor 1500 Mineral Spring Associates LP and 1800 Smith Street Associates LP, by and through their General Partner). (This is amending doc 293) (Filed on 12/17/04) (Davis, Jennifer) (Entered: 12/20/2004) |
| 12/20/2004 | 306 | Objection filed by Creditors 1500 Mineral Spring Associates LP and 1800 Smith Street Associates LP, by and through their General Partner, Jason's Realty Corp. re 286 Motion For Authority to Release a Portion of Excess Sales Proceeds to Debtor filed by Debtor Louis A. Gencarelli). (Davis, Jennifer) (Entered: 12/20/2004) |
| 12/21/2004 | 307 | TELEPHONIC Hearing Set (re: 286 Motion For Authority to Release a Portion of Excess Sales Proceeds to Debtor filed by Debtor Louis A. Gencarelli and 306 Objection filed by Creditor 1500 Mineral Spring Associates LP and 1800 Smith Street Associates LP, by and through their General Partner, Jason's Realty Corp). Telephonic Hearing scheduled for 12/21/2004 at 04:00 PM. (parties notified via telephone notice) (Davis, Jennifer) (Entered: 12/21/2004) |
| | | |

| | | |
|---|---|---|
| 12/21/2004 | | Telephonic Hearing Held (related document(s)286 Motion For Authority to Release a Portion of Excess Sales Proceeds to Debtor filed by Debtor Louis A. Gencarelli and 306 Objection filed by Creditor 1500 Mineral Spring Associates LP and 1800 Smith Street Associates LP, by and through their General Partner, Jason's Realty Corp.) APPEARANCES: Wieck, Ferrucci. Court directed Ferrucci to answer Wieck's questions about the outstanding claims of Tim Horton's and to shed more light on the proposed tax payments. Ferrucci to file a written response to Wieck's Objection. Court may decide the matter without further hearing. (Davis, Jennifer) (Entered: 12/28/2004) |
| 12/22/2004 | 308 | Objection to Re-Opening of Evidentiary Hearing Upon UPS Capital Business Credit's Secured Claims filed by Debtor Louis A. Gencarelli Sr. re 161 Debtor's Objection to Claim and 167 Objection by UPS Capital Business Credit filed by Debtor Louis A. Gencarelli). (Davis, Jennifer) (Entered: 12/22/2004) |
| 12/22/2004 | 309 | Hearing Held (related document(s)161 Objection to Claim filed by Debtor Louis A. Gencarelli and 167 Objection filed by Creditor UPS Capital Business Credit). APPEARANCES: Mulhearn, Simmons. Court heard argument on reopening to take more evidence from UPS. Court agreed to take the evidence de bene and it will decide reopening and rule on the evidence. Simmons called 1) Jeffrey B. Dahms - Cross by Mulhearn - Redirect Simmons - Recross Mulhearn. Parties gave final argument. Matter is under advisement. Exhibits filed in Open Court per attached list. (Davis, Jennifer) Additional attachment(s) added on 12/23/2004 (Venuti, Jody). (Entered: 12/23/2004) |
| 12/23/2004 | 310 | Supplemental Exhibits filed by UPS Capital Business Credit (related document(s)161 Objection to Claim filed by Debtor Louis A. Gencarelli and 167 Objection filed by Creditor UPS Capital Business Credit). (Attachments: #(1) Exhibit 1; #(2) Exhibit 2; #(3) Exhibit 3; #(4) Exhibit 4) (Davis, Jennifer) (Entered: 12/23/2004) |
| 12/23/2004 | 311 | Response filed by Debtor Louis A. Gencarelli Sr. to 306 Objection filed by Creditor 1500 Mineral Spring Associates LP and 1800 Smith Street Associates LP, by and through their General Partner Jason's Realty Corp. re 286 Motion For Authority to Release a Portion of Excess Sales Proceeds filed by Debtor Louis A. Gencarelli). (Davis, Jennifer) (Entered: 12/23/2004) |
| 12/29/2004 | 312 | Conditional Order Granting (related document(s)286 Motion For Authority to Release a Portion of Excess Sales Proceeds to Debtor filed by Debtor Louis A. Gencarelli and Overruling 306 Objection. **See Order for details** (Davis, Jennifer) (Entered: 12/29/2004) |
| | | |

| | | |
|---|---|---|
| 12/31/2004 | 313 | BNC Certificate of Mailing - PDF Document. (RE:related documents (s) 312 Conditional Order) Service Date 12/31/2004. (Admin.) (Entered: 01/01/2005) |
| 01/04/2005 | 314 | District Court Order Granting (# 278 Motion to Extend Time re: C.A. No. 04-496T) (Davis, Jennifer) Modified text on 1/4/2005 (Venuti, Jody). (Entered: 01/04/2005) |

FILED DEC 02 '04 12:11 USBCRI

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| In re: | : | |
| LOUIS A. GENCARELLI, SR., | : | |
| Debtor. | : | Bk. No. 04-10682<br>(Chapter 11) |

## NOTICE OF APPEAL

Notice is hereby given that Claimants, 1800 Smith Street Associates, LP and 1500 Mineral Spring Associates, LP, by and through their General Partner, Jason's Realty Corp. (collectively, the "Creditors"), hereby appeal to the United States District Court for the District of Rhode Island from the Order and Judgment entered by the U.S. Bankruptcy Court for the District of Rhode Island on November 22, 2004, which overruled the Creditors' objection to, and granted, Debtor Louis A. Gencarelli, Sr.'s Motion to Limit the Allowance of Claims pursuant to 11 U.S.C. §502(b)(6).

1500 MINERAL SPRING ASSOCIATES, LP, and 1800 SMITH STREET ASSOCIATES, LP, by and through their General Partner JASON'S REALTY CORP.

By their Attorneys,

Robert D. Wieck, Esq. #1739
MacAdams & Wieck Incorporated
101 Dyer Street, Suite 400
Providence, Rhode Island 02903
(401) 454-8700
(401) 454-8755 (facsimile)
Dated: December 2, 2004

FILED DEC 02 '04 12:11 USBCRI

# CERTIFICATION

I hereby certify that on this 2nd day of December, 2004, a true copy of the within Notice of Appeal was sent via first class mail to the following:

Allan M. Shine, Esq.
Attorney Diane Finkle
WINOGRAD, SHINE & ZACKS, P.C.
123 Dyer Street
Providence, RI 02903

Joseph Ferrucci, Esq.
Ferrucci Russo P.C.
55 Pine Street
Providence, RI 02903

Leonard J. DePasquale, Esq.
Assistant United States Trustee
10 Dorrance Street
Suite 910
Providence, RI 02903

Harold B. Murphy, Esq.
D. Ethan Jeffery, Esq.
Hanify & King
One Beacon Street
Boston, MA 02108-3107

James R. Simmons, Esq.
Nadeau & Simmons
56 Pine Street
Providence, RI 02903

Alfred Lane, Esq.
Executive Vice President
Development and General Counsel
Tim Horton's
874 Sinclair Road
Oakville, Ontario CANADA L6K 1Y1

William G. Madsen, Esq.
Madsen Prestley Parenteau
44 Capitol Avenue, Suite 201
Hartford, CT 06106

Connecticut Department of Revenue
C and E Division, Bankruptcy Section
25 Sigourney Street
Hartford, CT 06106-5032

Charles S. Sokoloff Incorporated
Eleven Thurber Boulevard
Smithfield, RI 02917

Department of the Treasury
Internal Revenue Service
Insolvency Unit, 4th Floor
380 Westminster Street
Providence, RI 02903

Porsche Financial Services
4343 Commerce Court, Suite 300
Lisle, IL 60532

Transamerica Life Co.
P.O. Box 740559
Atlanta, GA 30374

Michelle B. Daugherty

G:\Sisto, Bennie\Gencarelli, Louis A. S\BANKRUPTCY PLEADINGS\Notice of Appeal for Denial ofObjection to Gencarelli's Motion to Limit 112904.doc

FILED DEC 02 '04 12:11 USBCRI

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| In re:<br><br>LOUIS A. GENCARELLI, SR.,<br><br>Debtor. | Bk. No. 04-10682<br>(Chapter 11) |

**APPELLANT'S ELECTION FORM**

Claimants, 1800 Smith Street Associates, LP and 1500 Mineral Spring Associates, LP, by and through their General Partner, Jason's Realty Corp. (collectively, the "Creditors") have filed a Notice of Appeal ~~and Motion for Leave to Appeal~~ from the Order and Judgment entered by the U.S. Bankruptcy Court for the District of Rhode Island on November 22, 2004, which overruled the Creditors' Motion to, and granted, Debtor Louis A. Gencarelli, Sr.'s Motion to Limit the Allowance of Claims pursuant to 11 U.S.C. §506(b).

The Creditors hereby elect to opt out of the Bankruptcy Appellate Panel for the First Circuit and request that this appeal be heard by the United States District Court for the District of Rhode Island.

COUNSEL FOR APPELLANTS:

Robert D. Wieck, Esq. #1739
MacAdams & Wieck Incorporated
55 Pine Street
101 Dyer Street, Suite 400
Providence, Rhode Island 02903
(401) 454-8700

COUNSEL FOR APPELLEE:

Joseph P. Ferrucci, Esq. #4231
Ferrucci Russo, PC
Providence, Rhode Island 02903
(401) 455-1000

BY: ______________________
Robert D. Wieck, Esq. #1739

Dated: December 2, 2004

FILED DEC 02 '04 12:11 USBCRI

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| In re:<br><br>LOUIS A. GENCARELLI, SR.,<br><br>Debtor. | Bk. No. 04-10682<br>(Chapter 11) |

**APPELLANT'S ELECTION FORM**

Claimants, 1800 Smith Street Associates, LP and 1500 Mineral Spring Associates, LP, by and through their General Partner, Jason's Realty Corp. (collectively, the "Creditors") have filed a Notice of Appeal ~~and Motion for Leave to Appeal~~ from the Order and Judgment entered by the U.S. Bankruptcy Court for the District of Rhode Island on November 22, 2004, which overruled the Creditors' Motion to, and granted, Debtor Louis A. Gencarelli, Sr.'s Motion to Limit the Allowance of Claims pursuant to 11 U.S.C. §506(b).

The Creditors hereby elect to opt out of the Bankruptcy Appellate Panel for the First Circuit and request that this appeal be heard by the United States District Court for the District of Rhode Island.

COUNSEL FOR APPELLANTS:

Robert D. Wieck, Esq. #1739
MacAdams & Wieck Incorporated
55 Pine Street
101 Dyer Street, Suite 400
Providence, Rhode Island 02903
(401) 454-8700

COUNSEL FOR APPELLEE:

Joseph P. Ferrucci, Esq. #4231
Ferrucci Russo, PC
Providence, Rhode Island 02903
(401) 455-1000

BY: ______________________
Robert D. Wieck, Esq. #1739

Dated: December 2, 2004

FILED DEC 02 '04 12:11 USBCRI

**CERTIFICATION**

I hereby certify that on this 2nd day of December, 2004, a true copy of the within Election Form was sent via first class mail, postage pre-paid, to the following:

Allan M. Shine, Esq.
Attorney Diane Finkle
WINOGRAD, SHINE & ZACKS, P.C.
123 Dyer Street
Providence, RI 02903

Joseph Ferrucci, Esq.
Ferrucci Russo P.C.
55 Pine Street
Providence, RI 02903

Leonard J. DePasquale, Esq.
Assistant United States Trustee
10 Dorrance Street
Suite 910
Providence, RI 02903

Harold B. Murphy, Esq.
D. Ethan Jeffery, Esq.
Hanify & King
One Beacon Street
Boston, MA 02108-3107

James R. Simmons, Esq.
Nadeau & Simmons
56 Pine Street
Providence, RI 02903

Alfred Lane, Esq.
Executive Vice President
Development and General Counsel
Tim Horton's
874 Sinclair Road
Oakville, Ontario CANADA L6K 1Y1

William G. Madsen, Esq.
Madsen Prestley Parenteau
44 Capitol Avenue, Suite 201
Hartford, CT 06106

Connecticut Department of Revenue
C and E Division, Bankruptcy Section
25 Sigourney Street
Hartford, CT 06106-5032

Charles S. Sokoloff Incorporated
Eleven Thurber Boulevard
Smithfield, RI 02917

Department of the Treasury
Internal Revenue Service
Insolvency Unit, 4th Floor
380 Westminster Street
Providence, RI 02903

Porsche Financial Services
4343 Commerce Court, Suite 300
Lisle, IL 60532

Transamerica Life Co.
P.O. Box 740559
Atlanta, GA 30374

Michelle B. Daugherty

G:\Sisto, Bennie\Gencarelli, Louis A. Sr\BANKRUPTCY PLEADINGS\Appeal Election Form-Notice of Appeal for Denial of Obj.to Gencarelli's Motion to Limit120204.doc

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - - -x

In Re: :

LOUIS A. GENCARELLI, SR. : BK No. 04-10682
Debtor Chapter 11

- - - - - - - - - - - - - - - - - - -x

**ORDER**

The above-entitled Chapter 11 bankruptcy proceeding having come before this Court on September 22, 2004, upon debtor Louis A. Gencarelli, Sr.'s ("Gencarelli") motion to limit allowance of claims filed by claimants 1500 Mineral Spring Associates, LP and 1800 Smith Street Associates, LP (collectively hereinafter referred to as the "Claimants"), pursuant to 11 U.S.C. § 502(b)(6), and the Claimants' objections thereto, and after considering the papers and pleadings in this matter, and those pleadings filed in other related proceedings more commonly known, and captioned, as *1500 Mineral Spring Associates, LP v. Louis A. Gencarelli, Sr.*, R.I. Super Ct. (C.A. No. PC 00-3175); *1800 Smith Street Associates, LP v. Louis A. Gencarelli, Sr.*, R.I. Super Ct. (C.A. No. PC 00-3174), *1500 Mineral Spring Associates, LP v. Louis A. Gencarelli, Sr.*, R.I. Dist. Ct. (C.A. No. 00-3376); and *1800 Smith Street Associates, LP v. Louis A. Gencarelli, Sr.*, R.I. Dist. Ct. (C.A. No. 00-3375), as well as the arguments of counsel, in open court, it is

BK No. 04-10682

**ORDERED, ADJUDGED & DECREED**

1. Gencarelli's motion to limit the allowance of claims filed by claimants is *GRANTED*, and the Claimants' objections thereto are *OVERRULED*;
2. The arguments advanced by Gencarelli, by and through counsel, both in his papers in support of Gencarelli's motion to limit allowance of claims filed by Claimants, and at oral argument are adopted and incorporated herein by reference in granting Gencarelli's motion to limit the allowance of claims. A true and accurate copy of the Court's Bench Decision and Order is appended hereto.
3. In adopting and accepting the position asserted by Gencarelli in his papers in support of Gencarelli's motion to limit allowance of claims filed by Claimants, and at oral argument thereon, the Court makes the following findings of fact and/or conclusions of law:
   a. 11 U.S.C. § 502(b)(6) is applicable to the instant proceedings, and in particular, with respect to limiting the Claimants' claims as asserted herein;
   b. In November, 1999, the Claimants owned undeveloped real property located in North Providence, Rhode

Island, at 1500 Mineral Spring Avenue and 1800 Smith Street (collectively the "Properties");

c. On November 1, 1999, the Claimants leased the Properties to Gencarelli for the purported development of Bess Eaton locations;

d. The lease relative to the 1500 Mineral Spring Avenue property (the "1500 Lease") provided for a minimum base rent of $3,500.00 per month, commencing on March 1, 2000;

e. The lease relative to the 1800 Smith Street property (the "1800 Lease") provided for a minimum base rent of $3,000.00 per month, commencing on March 1, 2000;

f. The 1500 Lease and 1800 Lease, respectively, also provided for additional rent defined therein as taxes and insurance costs/expenses;

g. The 1500 Lease and 1800 Lease, respectively, constituted Absolute Triple Net Bonded Land Leases by and between Gencarelli and the Claimants, dated November 1, 1999, and therefore, constitute a "lease," or "leases," as the case may be, as that

term(s) in contained, and set forth, in 11 U.S.C. § 502(b)(6);

h. On February 29, 2000, Gencarelli served written notice upon the Claimants purporting to exercise Gencarelli"s right to terminate the 1500 Lease and 1800 Lease;

i. On March 28, 2000, the Claimants commenced two (2) separate actions against Gencarelli in the Sixth Division District Court (the "District Court actions") seeking damages and possession of the Properties, pursuant to the Rhode Island Commercial Landlord and Tenant Act;

j. On April 19, 2000, Gencarelli and the Claimants executed a stipulation in the District Court actions wherein the parties acknowledged and assented to the fact that Gencarelli was not in possession of the Properties, nor was he entitled to possession of the same;

k. On April 19, 2004, the Claimants repossessed the Properties described in the 1500 Lease and 1800 Lease, pursuant to, and as defined in 11 U.S.C. § 502(b)(6);

l. On June 13, 2000, the District Court entered judgment in favor of the Claimants in the District Court actions;

m. The judgment entered in favor of the Claimants, and against Gencarelli, in the District Court actions, which was with respect to damages only, was appealed to the Providence County Superior Court by Gencarelli;

n. At no time did Gencarelli contest, nor otherwise appeal, the Claimants' claims for possession of the Properties, and, further, at no time did Gencarelli pay any rent to the Claimants during the pendency of the appeal to the Superior Court;

o. On or about March 3, 2004, Gencarelli filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Rhode Island;

p. Thereafter, on March 26, 2004, the Superior Court issued a decision in connection with the Superior Court appeal;

q. In its March 26 decision the Superior Court judicially determined that the parties had entered

into leases, *to wit*, the 1500 Lease and the 1800 Lease, and, further, that the leases were legally valid, binding and enforceable leases by and between the parties;

r. 11 U.S.C. 502(b)(6) applies in the instant proceedings and the so-called "cap" described and defined therein limits recovery by the Claimants in connection with their claims against Gencarelli in this matter;

s. In light of the clear and unambiguous language of 11 U.S.C. § 502(b)(6), this Court will not substitute its judgment for that of the plain reading and intent of that particular statutory provision;

t. Notwithstanding the Claimants' arguments to the contrary, the Court declines to invoke the equitable provisions of 11 U.S.C. § 105 in the instant proceedings insofar as 11 U.S.C. § 502(b)(6) controls or governs the same;

u. The operative date to calculate the Claimants' limited or "capped" claim to damage(s) recovery is April 19, 2000, the date of the parties'

stipulation to possession in the District Court actions;

v. The claims of the Claimants herein are limited or "capped" as follows:

i. The claim of 1500 Mineral Spring Associates, LP is limited to $54,071.26, as follows:

i. $3,923.93 for back rent, taxes, and insurance for the period of March 1, 2000, through March 31, 2000;

ii. $2,485.16 for back rent, taxes, and insurance for the period of April 1, 2000, through April 19, 2000;

iii. $47,662.17, which is the amount reserved by the 1500 Lease, without acceleration, for one year pursuant to 11 U.S.C. 502 § (b)(6); and

ii. The claim of 1800 Smith Street Associates, LP is limited to $45,461.01 as follows:

i. $3,283.28 for back rent, taxes, and insurance for the period of March 1, 2000, through March 31, 2000;

ii. $2,079.41 for back rent, taxes, and insurance for the period April 1, 2000, through April 19, 2000;

iii. $40,098.32, which is the amount reserved by the 1800 Lease, without acceleration, for one year pursuant to 11 U.S.C. § 502(b)(6).

Entered as an Order of this Court this 22nd day of November, 2004.

Arthur N. Votolato
U.S. Bankruptcy Judge

Judgment#:1:04-bk-10682-265-141 Entered on Docket: 11/22/04

UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

IN RE: LOUIS A. GENCARELLI, SR.

B.K. NO. 04-10682

Hearing Date: September 22, 2004

ORIGINAL COPY

(TAPED HEARING COMMENCED)

JUDGE: The matter of Louis Gencarelli. Debtor's motion to limit the allowance of claims and the objection of claimant.

MR. FERRUCCI: Good morning, Your Honor. Joseph Ferrucci on behalf of Louis Gencarelli.

Your Honor, before you this morning is the debtor's motion to limit allowance of claims filed by 1500 Mineral Spring Avenue Associates, L.P. and 1800 Smith Street Associates, L.P.

We are seeking today the Court's order to limit the allowance of those claims based upon the cap imposed pursuant to 11 U.S.C. §502(b)(6) for pre-petition breaches of certain commercial real estate leases.

We note that, at least from the debtor's perspective, we intend to rely upon the pleadings that have been filed in this proceeding and the attachments thereto. We believe the Court has the authority as a matter of judicial notice to look at the pleadings that have been filed in both the District Court as well as the State Court Superior Court action. Again, many of those pleadings have been attached to both the movant's as well as the

respondent's papers.

By way of background, Your Honor, as outlined in our motion, the claimants are -- still are and at the time in 1999 were owners of land located in North Providence, Rhode Island at 1500 Mineral Spring Avenue and 1800 Smith Street. Those pieces of property were undeveloped at the time.

And in or about November of 1999, Gencarelli individually entered into two documents entitled Absolute Triple Net Leases for the purpose of attempting to develop those two locations as Bess Eaton restaurants and coffee restaurants.

In the 1500 lease, Your Honor, I'll refer to it as the 1500 lease, the minimum base rent was $3,500 per month and was to commence on March 1, 2000. And the 1800 lease, the minimum monthly rent was $3,000 per month commencing on March 1, 2000 as well.

On or about February 29, 2000, Your Honor, the debtor served notice, written notice, on the landlords purporting to exercise the debtor's right to terminate those leases.

On or about March 28, 2000, the landlord claimants here filed two separate actions in the

State District Court, in the Sixth Division District Court, seeking damages and possession of the lease property pursuant to Section 9 of the Landlord -- Commercial Landlord Tenant Act as enacted in Rhode Island, Rhode Island General Laws 34-18.1-1.

On or about June 13, 2000, Your Honor, the District Court entered a judgment in favor of the landlords in connection with the complaints.

The judgment for damages, Your Honor, that was rendered by the District Court was appealed in the form of a declaratory judgment action that was filed by counsel to Mr. Gencarelli at the time. The debtor at that time did not contest, nor did he appeal, the landlord's legal claim to possession of the real estate, Your Honor. It is also notable that the debtor did not pay any rent during this period of time as well.

On or about March 26, 2004, Your Honor, the Superior Court rendered a Decision, Justice Indeglia, on the above-referenced appeal. And Your Honor may be familiar with that in that we were here a couple months ago explaining to the Court the timing of that Decision and ultimately a consent was given for relief to allow the Decision to become a

final judgment of the Superior Court.

And then on March 1, 2004, Your Honor, the instant proceedings were filed herein.

Your Honor, the argument of the debtor is a very straightforward argument. The debtor's argument is that Section 502(b)(6), which this Court I know is keenly familiar with based upon Your Honor's years on the bench, is very, very clear. It's a statutory clarity, Your Honor, and there are not many sometimes in the Code.

But 502(b)(6) provides in pertinent part that the claim of the landlord shall be limited to the greater of one year or as the case may be 15%, not to exceed three years, of the remaining term of the lease, or in this case the leases.

In addition to that amount, Your Honor, the Code provides that pre-petition a calculation has to be done as to what damages under the lease were as of the earlier of the petition date or the date on which the lessor repossessed or the tenant surrendered the premises.

In the instant case, Your Honor, the position of the debtor is that these are commercial leases. The claimants have filed an objection and

have placed great weight on the fact that there may have been or there were arguments below or in the State Court proceedings that these were argued to be not leases, that they were contracts.

There are a number of arguments, however, Your Honor, that can be articulated in the alternative respectfully and it's done every day in Court. However, Your Honor doesn't need to go there because ultimately Judge Indeglia decided that issue in the State Court, and made a number of findings of fact in connection with his Decision.

And that's the Decision just again for the record that's dated March 26, 2004, Your Honor. And in that Decision, Judge Indeglia states that the matter before the Court is on the plaintiff's actions for rent and associated expenses on two leases with lessee defendant.

And then as you continue through the Opinion, and the Opinion is fraught with references to leases, Your Honor. There are findings of fact and conclusions of law on page 18 of that Decision, Judge.

JUDGE: Is there a specific ruling by the Superior Court that these in fact were leases or

were -- was the word leases being used loosely?

MR. FERRUCCI: No, I don't think so, Your Honor. I believe there was a ruling, and I think if you look at paragraph one of the findings of fact, that's page 18 of the Decision, it specifically says that on November 1, 1999, each of the plaintiffs, MSA and SSA, entered into a Commercial Absolute Triple Net Bonded Land Lease with defendant Gencarelli, collectively referred to as the leases.

Both leases are for a five year period commencing on March 1, 2000 with the option of renewal. I think that's a finding of fact and it maybe, if you continue on, Your Honor, back toward the page 20, the Court goes on in its findings to provide, "The plaintiffs have satisfied the Court by a preponderance of evidence that they are entitled to rent due under the two leases."

And then in its conclusory paragraph, says, "Accordingly, the Court finds for the plaintiffs and orders defendant to pay the minimum base rent on both leases. Defendant is also ordered to pay the additional rent."

And the last sentence prior to the directive to counsel to prepare an order, it says,

"Plaintiffs are entitled to recover from defendant reasonable attorneys' fees and expenses incurred as a result of defendant's default under the leases."

So regardless of what was argued below, Your Honor, the Court -- the judicial findings that these were leases and that these leases were breached and as a result damages flowed from that breach, and the Court outlined what those State law damages are in its Decision.

There are other indications, Your Honor, that leads to the conclusion that it was the claimant's position that these were in fact leases. If you take a look at the documents themselves, they are entitled Absolute Triple Net Leases.

The complaint that was filed at the District Court level by the claimants, Count I specifically seeks a judgment for possession under 34-18.19, which Your Honor knows is the Commercial Landlord Tenant Statute in Rhode Island. And it also sought damages under the terms of leases for rent.

And then the District Court judgment eventually was entered by the District Court on June 18 of 2000, Your Honor. So there is -- the record

below is certainly fraught with banter back and forth, but the bottom line, Your Honor, is that the District -- that the Superior Court made a conclusive finding that this was a lease.

Mr. Sisto makes basically three arguments, Judge. The first argument he makes is that 502 should not apply because somehow Mr. Gencarelli should be estopped from taking a position different than his counsel took below. Well, we've begun to argue that, Your Honor, begun to respond to that in the sense that the Court has already determined below this was a breach of a lease.

So arguments aside, and again respectfully, I think every lawyer in this room has argued matters in the alternative. In fact, the declaratory judgment complaint itself has a provision, the last provision of the Count for lease, says, "In the event the Court determines that this is a lease," then X, Y and Z should be done by the Court.

So it's typical that there are going to be arguments in the alternative, Your Honor, but the argument, the first argument of Mr. Sisto is that because of those arguments below, somehow 502(b)(6)

does not apply and that in fact, those findings below would somehow change the result in this proceeding.

Well, in fact, the judicial findings below were consistent with the fact that this was a lease. And as a result, those findings are binding on this Court and, therefore, should be looked to in light of the 502(b)(6) cap.

I note that in connection with that argument, there's not one case that's cited for the proposition. There's a finding below that we're dealing with a lease that somehow 502(b)(6) shouldn't apply if you made an alternative argument below.

The next argument that Sisto makes, Your Honor, is that Section 105 of the Code should somehow be applied to, for lack of a better expression, Your Honor, equitably override the plain language of Section 502(b)(6).

There are a number of cases, Your Honor, and I have copies for the Court to review, but the Courts have in general under the Code, and specifically in the instance of 502(b)(6), rejected these arguments and have consistently held that when

a statute's language is clear on its face, the sole function of the Court is to enforce the statute in accordance with its terms.

The Courts have noted that there is a difference between filling a gap in a statute, Your Honor, and when Congress is silent as opposed to a situation when we're asking the Court to rewrite a specific statutory mandate.

You will hear an argument, I'm sure, Your Honor, that this case is different because creditors are being paid in full. That's a consideration that has no meaning here, Judge, has no basis for disregarding the plain language of 502(b)(6).

In fact, we've been able -- our research recently has been able to find at least two cases that will say that in fact there is a solvent estate or that all creditors are being paid in full has no bearing on the plain language of the statute.

The language of the statute is clear. Legislature could have very easily, Your Honor, added a provision that said, "But in no event shall a statute apply in situations where all creditors are paid in full." It doesn't say that. It's clear on its face, Judge.

One of those cases, Judge, *In Re: Farley*, which is cited at 146 Bankruptcy Reporter 739, it's a Northern District of Illinois case (1992), the Court rejected an argument that the cap should not apply when all other creditors are being paid in full and the only beneficiary is the debtor.

Under the plain language the cap applies according to the Court, and nothing in Section 502 suggests that an exception exists where all creditors are being paid in full. Congress presumptively weighed those factors when it enacted the statute, Your Honor.

There are a number of other cases, Your Honor, that we can cite for the Court. Again, in looking at that argument by Mr. Sisto, there is not one case cited by Mr. Sisto in support of the proposition that Section 105 should somehow override equitably Section 502(b)(6).

Finally, Your Honor, and maybe most germane for today, is Mr. Sisto's argument that assuming arguendo that the cap applies, the bankruptcy petition date should be the date used to calculate Mr. Sisto's or claimant's damages.

With respect to that, Your Honor, we had

submitted in our papers two alternate dates. One date was the date that Mr. Sisto's client, Mr. Wieck's client filed the complaint in the District Court action, which was March 28, 2000.

The other date that we submitted respectfully as a date from which you measure if you will is the date the judgment was entered in the District Court action.

Since our pleadings, Your Honor, it's come to our attention that there has been entered in the District Court action a stipulation that is signed by attorneys for Mr. Sisto or attorneys for the claimants herein and at the time attorney for the debtor whereby the stipulation that was entered provides by agreement of the parties and is hereby acknowledged and understood that defendant Louis A. Gencarelli, Sr. does not have and is not entitled to possession of the demised premises.

Respectfully, Your Honor, this is a judicial acknowledgment that in effect Mr. Gencarelli was not in possession of the property as of April 19, 2000. This stipulation was a part of a motion that was filed with the Court that became part of the Court record. And in a nut shell, Your

Honor, puts to rest any issue relative to possession or repossession if you will by the landlord.

And I think it's critical, Your Honor, because a large part of Mr. Wieck's papers deal with the issue of res judicata and the fact that Mr. Gencarelli failed to argue below possession. Well, the simple fact, Your Honor, is that Mr. Gencarelli was not contesting possession below. He was not.

The District Court complaints that were filed by Mr. Sisto sought possession, and the Judgment was entered in June of 2000. The Judgment admittedly doesn't refer to possession, presumptively because the parties stipulated to it a month and a half or so earlier.

Secondly, Your Honor, under Rhode Island Law, and Your Honor is probably aware of this, on appeal a debtor would have to pay rent in order to be entitled to possession. No rent was ever paid, Judge.

And finally, Your Honor, we did reference the stipulation and the stipulation is clear on its face. It speaks for itself.

Again, to clarify the res judicata arguments, therefore, that had been cited by Mr.

Wieck I think are just ineffable under the circumstances.

Be that as it may, if there's any indication in that argument that this Court does not have the ability to look behind the State Court Judgment, and I'll anticipate an argument that Mr. Wieck might say this is a judgment, Judge, not to do with the lease.

Well, the Courts are clear on that issue as well that res judicata does not apply and does not preclude this Court from looking behind the Judgment to determine what the actual claim being asserted by the claimant is in order to apply the statutory cap.

And in connection with that, Your Honor, we would refer Your Honor to *In Re: Richard Turner*, which is cited 209 Bankruptcy Reporter 177, District of Massachusetts case (1997).

Again, respectfully, the cases that are cited in the objection deal with res judicata as a general concept. I found no case cited in the objection which deals with this issue as it relates to the 502(b)(6).

So in sum, Your Honor, I think what we

have is an argument by Mr. Sisto and the claimant that this is as a matter of equity this Court should look behind 502(b)(6), and as a matter of fairness come to a different result.

And respectfully, Your Honor, there has been no legal support cited for that. In fact, the legal support that we found is to the contrary and that this Court, as well as other Courts who have considered this issue, this Court should not look to the equities. The statute is plain and clear on its face and as a result the cap applies, Your Honor.

With respect to the calculation of damages, Your Honor, it is the position of the debtor, we've set forth the amounts that we believe are equal to the cap in our pleadings.

I will though clarify for the record one item, and that is we agree that the annual rent or the one-year rent would be the -- of the one-year versus 15%, the one-year would apply. And under the 1500 lease it would be $47,662.17. And of the 1800 lease it would be $40,098.32.

Our calculation, Your Honor, of the pre-petition rent, it should be paid from the date the lease commenced until the date that possession was

taken if you will by the landlord. That date based upon the stipulation would be April 19, March 1, 2000 to April 19 of 2000, it's 50 days. And we calculate rent, taxes, and insurance which would be properly paid -- should be properly paid under the rent.

For that period of time to be under the 1500 lease $6,409.09, and under the 1800 lease, $5,362.69. When you add those figures, Your Honor, we come to a number of $99,531, plus or minus some change, which we believe is the cap that should be applied here, and that we're asking this Court to find today as the maximum amount of Mr. Wieck's client's claim.

And in connection with that, Your Honor, we request that Your Honor impose, and the debtor is prepared to obviously continue to do this, to maintain an escrow in that amount for that claim.

And I'll state for the record that this is the last of all these claims where there's any dispute as to what at least what the escrow should be.

With that, Your Honor, I would just reserve right to respond to comments by Mr. Wieck.

If Your Honor has any questions, I'll be happy to answer.

JUDGE: Okay. Not right now. Any other arguments from -- okay, yeah.

(Off the record.)

MR. WIECK: Your Honor, Robert Wieck on behalf of the claimants, 1800 Smith Street Associates and 1500 Mineral Spring Associates.

As Mr. Ferrucci has eluded to, my arguments are essentially threefold and they are the arguments which I set forth in my papers, but would certainly appreciate the opportunity to elaborate upon here now.

The first argument that we make in our papers, and I reiterate here, is that of course we all know that 502(b)(6) and the effect of the cap that is effective in 502(b)(6) is only applicable as it relates to damages for the termination of a lease of real property.

The first argument that I make is that this is the first time, this is the first time that this debtor, Mr. Gencarelli, has ever taken the position that these documents, these agreements, are in fact leases for real property.

Now, Mr. Ferrucci correctly points out that ever since I filed the original complaint in the District Court, March of 2000, I have been saying, "These are leases; these are leases; these are leases." And I filed a T&E action in the District Court based upon the fact that I claimed that these were leases of real property.

Three specific times that issue became meaningful. Mr. Ferrucci makes reference to your familiarity with the T&E action in the State Court procedure. I assume Your Honor is also familiar with the appeal process from the T&E action.

Appellants, landlords have special appeal rights from appealing from T&E action. I tried to enforce those appeal rights three times, three times. The first time under the T&E statute when a tenant appeals, the tenant is obligated to post a bond as a condition of the appeal.

Now, Mr. Ferrucci misspoke just one regard. I'm sure it wasn't intentionally. Mr. Gencarelli did in fact appeal the T&E actions. I filed the T&E complaint in District Court. I got a judgment in District Court. Mr. Gencarelli appealed those T&E actions to the Superior Court. Those are

de novo appeals.

Mr. Gencarelli also filed separately a DG action in the Superior Court, asking the Superior Court prior to the District Court actions going forward, to assume jurisdiction over the case because these are not leases.

Mr. Gencarelli did everything that he could to get out of the District Court by filing a DJ action in the Superior Court saying, "These aren't leases. I never took possession. I don't belong in the District Court."

Now, after we went forward in the District Court and I prevailed, and Mr. Gencarelli appealed those actions and then we consolidated the two appeals with his DJ action. Now, the significance of that is Mr. Gencarelli did not post a bond.

I obtained a monetary judgment in the District Court action. He did not post a bond. I said, "Great, easy." I filed a motion to dismiss the appeal based upon the fact that he didn't post a bond. Result, "Wieck, you lose. We're not satisfied that these are leases. We're not satisfied that the T&E action applies. We're not going to require him to post a bond." Strike one.

Second thing I did under the T&E action, you're entitled to an expedited trial. You are supposed to go to the head of the list if you are appealing a T&E action. You're supposed to be first. I filed a motion to expedite the trial. Strike two. "Wieck, you lose again."

These aren't really T&E actions. They're not really leases. Now, when I say this, that's the argument that Mr. Gencarelli offered to the Superior Court. And in both cases, he prevailed in those arguments. He prevailed. Third strike.

T&E action requires you to post bond during the pendency of the appeal. Mr. Ferrucci correctly points out no rent was paid during the pendency of the appeal.

I filed a third action. Third motion, dismiss the appeal, failure to post -- to pay rent; therefore, dismiss the appeal. Strike three.

Three times that issue was brought to the Superior Court. Three times I lost. Three times Mr. Gencarelli prevailed on the basic notion of these were not leases involving possession of real estate.

Now, Mr. Ferrucci takes Mr. Justice

Indeglia's Decision and of course he cites the fact that there are leases and there's rent due. The mere fact of the fact that he refers to the leases, the documents themselves are called leases.

And I think Your Honor actually hit the nail on the head, if you simply substitute the word contracts every place Judge Indeglia says leases, the Decision has exactly the same effect.

I would defy anyone to examine that Decision to determine whether there was any finding of fact or any conclusion of law that even came close to addressing the issue of whether these were executory contracts versus leases for commercial real estate. Wasn't addressed. Wasn't important at that level. Judge Indeglia didn't address it.

The first -- I think the first issue that this Court has to determine is whether 502(b)(6) does apply.

Now, I'm sure that the argument sounds like the rose by any other name is a rose. But the fact of the matter is here is that Mr. Gencarelli never took possession of these properties. Never took possession of the properties. Never was a tenant in possession.

And he utilized that argument several times in arguing to the Superior Court that because he never took possession, because these were not leases in the sense that the tenant actually took possession, various aspects of the T&E action didn't apply.

Now, of course, he took those positions when it was to his advantage to take those positions. Now, for the first time, because he sees an advantage under 502(b)(6), he then says, "Never mind what I've been saying for the last four years. These are leases and Judge Indeglia said they were leases."

I think this Court frankly has to make its own independent decision with respect to that particular point. And it's not at all precluded by doing that as a result of Judge Indeglia's Decision.

Judge Indeglia's Decision is exactly the same whether he concludes they were leases that were terminated or executory contracts that were terminated. The result is the same and the damages are the same.

The second argument that I advance is assuming arguendo that the cap does apply, we have a

far different view with respect to how the cap applies and what the debtor is advancing. And that far different view frankly hinges on the debtor's interpretation of what surrender of possession means and the legal connotation of that.

Mr. Ferrucci cites to the stipulation that he suggested he found after his papers were filed, that stipulation was an exhibit to my papers. It's not something that we hid. It's consistent with Mr. Gencarelli's position from the beginning that he never took possession. He stipulated that he never had possession. He thought that was going to inure to his benefit and advantage, and in fact, it did because that was part of his argument each time I sought the advantage of the T&E action.

But under 502(b)(6), it's not -- it's not the concept of physical possession. Surrender of possession under 502(b)(6) must be construed under Rhode Island law. And we've cited you the cases under Rhode Island law.

Surrender of possession means where the landlord has accepted the possession of the premises without the right to obtain rent. It's the whole legal concept of rent reserved.

502(b)(6) didn't -- and we cited the cases with respect to that -- doesn't change the law with respect to a pre-petition rent as it relates to the concept of surrender and possession and the acceptance of possession.

As we cited, the lease specifically provides that when the landlord accepts possession of the property, he does not waive his right for rent reserve. It's the whole concept of the landlord's obligation of mitigating damages, obtaining a substitute tenant, attempting to relate to premises.

The mere fact that the tenant simply turns possession back to the landlord does not eliminate or alleviate the tenant's obligation to pay rent.

Now, what we cited in the papers are that issue was conclusively determined by Judge Indeglia because if in fact, if in fact possession of the premises, possession meaning landlord loses right to rent reserve, if that in fact occurred, that would have been a defense in the underlying action. That would have been a defense to any liability that Mr. Gencarelli had on a going forward basis.

That was not advanced. It was not found.

And as a result when Judge Indeglia finds that Mr. Gencarelli is in fact obligated for the rent for the period of time following his purported termination, he's already conclusively determined that particular point.

So Mr. Ferrucci and the debtor's pointing to thc transfer of physical possession is frankly a red herring under 502(b)(6). The concept is when has possession -- when has surrender of possession occurred, meaning under State law, and that's a State law issue, surrender of possession means when the landlord no longer has the right for rent reserve.

Now, I will stipulate and my papers indicate that 502(b)(6) does apply at least to one element of my pre-petition damage. And that is I recognize that it limits the recovery to rent. Rent, not legal fees, not interest.

And in our papers we set forth a calculation as we see it under 502(b) that produces a 262,202.82 in one respect, and 205,935.56. But that is, as I said, it's based upon the effective clock beginning to tick as of the petition date because not any point in time prior to petition date

did landlord accept the surrender of the premises or surrender of possession so as to lose the legal right for rent reserve.

The final argument, Your Honor, I make is under 105. And Mr. Ferrucci is correct. I have not found a case. I have not found a case to cite to you in support of my 105 argument. And I would stipulate that I think the reason why I have not found a case is that perhaps there's never been quite a case like this one.

We had a situation here, as Your Honor well knows, that there were joint filings by Mr. Gencarelli and by Bess Eaton. Those joint filings were made presumably to permit the -- essentially the assets of Bess Eaton, and because Mr. Gencarelli owns some of those assets himself, to effectuate a sale of those assets.

Cases were never substantively consolidated. In fact, I'm not sure that the cases were ever administratively consolidated. But certainly all of us were told you don't really have to worry about all of those things. In fact, we're all told that you don't really have to worry about whether or not we belong in bankruptcy to begin in.

Everybody will be paid. Plenty of cash. Plenty of assets. Plenty to go around. All of the lawyers stood up, congratulated themselves appropriately so. Put the deal together quickly. Got a very fine result. Plenty of cash. Everybody's getting paid. Even unsecured creditors getting paid interest.

Last piece of paper that I saw the debtor filed wanted to expedite this hearing because he's sitting on $8 million that he's got to give to Mr. Gencarelli, subject to the legal fees. But there's a huge, huge pot of money that's going back to Mr. Gencarelli.

Everybody gets paid except my client, except my client. And not only does my client not get paid is that Mr. Gencarelli wants his cake and eat it too. I'm still litigating in the Supreme Court.

What Mr. Gencarelli has done before you, Your Honor, he wants to hedge his bet. He wants you to tell him that his worst case in the Supreme Court is the cap that he's asked you to impose, 50, $60,000.

At the same time, he wants to litigate

with me in the Supreme Court. Why? Because if the cap applies, my client can no longer recover his legal fees. Mr. Gencarelli is allowed to pay his lawyers. In fact, one of the creditors who have been paid in full has been Mr. Gencarelli's lawyers. Mr. Gencarelli's lawyers who have been paid fighting my client's claim.

And if the cap applies, my client cannot recover his legal fees either pre-petition or post-petition. I still must fight Mr. Gencarelli in the Supreme Court without the ability to recover those fees.

Interest. 502 applies notwithstanding the fact that all of their unsecured creditors have been paid. Notwithstanding the fact that Mr. Gencarelli will put $8 million in his pocket. My client's claim is capped. We take the statutory 12% interest provided by Rhode Island law. We just wash that away.

Now, we have cited to you the cases which show the legislative intent of 502(b)(6). The intent being we don't want a disproportionately large claim of landlord to render some prejudice to the estate. A disproportionate large claim to

landlords that would prevent or prohibit other creditors from being paid. That clearly is not happening here.

What is happening here is nothing more than a huge windfall for Mr. Gencarelli, where just by virtue of this filing, one creditor, my client who's been pursuing a claim for four years, is denied his statutory rights for interest; is denied his contractual rights to recover legal fees; and denied his contractual rights to recover rent when there is no other purpose being served by that particular cap.

And I would submit to you that under 105 that is the classic case where 105 should be exercised to prevent that abuse from occurring.

Can I give you a case which is on all fours with the present case? No. Now, that means one of two things to me. It means that what I'm telling you is flat out wrong. And I'm sure Mr. Ferrucci will tell you that what I'm telling you is flat out wrong.

Or the other thing it would suggest to me is that there's never quite been a case just like this one. And as a result, no Court prior to this

Court's determination, would have to do the fact kind of analysis that I'm suggesting to you that would be applicable under 105.

So for those reasons, Your Honor, I'd say that the cap doesn't apply because we're not talking about a lease. We're talking about damages from an executory contract, so says the debtor himself. And if the cap would apply, it's the numbers that we set forth.

And if all else fails, I would ask you to invoke your equity powers under 105 to prevent this result from occurring.

JUDGE: Because the debtor has argued diametrically opposed to what he's talking to now as far as the lease contract issue, what do you say about Mr. Ferrucci's argument that -- what do you think trumps what here?

Do you say that there is no res judicata influence at all here by Judge Indeglia's rulings and his Decision, or do you think that inconsistent or alternative arguments can rise above, you know, a Court decision.

MR. WIECK: I'll respond to that. As a matter of fact, I think the issue of whether this is

or is not a lease has in fact been conclusively determined and that's been conclusively determined that it is not a lease.

Why? Because all of those decisions I made reference to earlier, the denial of the motion for expedited relief, the denial of the bond pending appeal, and the denial of the rent, all of those are interlocutory order. I have no appeal rights to those until the end of the case.

So all of those interlocutory decisions are actually subsumed in Judge Indeglia's Decision. Now, the only way that you could come to the conclusion that the issue of was this a lease, and that's what we're talking about. We're talking about the issue specifically. Is it a lease of real property or was it an executory contract? That's what we're talking about.

And I would submit to you there is nothing in Judge Indeglia's Decision that even comes close to addressing lease versus executory contract. Because I did not appeal that Decision. I did not appeal it either as an appellant or a cross-appeal.

I believe -- I'm answering this question as candidly as I can. I believe that I've already

given up that issue of whether bond should be posted, whether I should have gotten an expedited appeal, whether the rent on appeal. I've given up those issues. Those have been conclusively adjudicated against my interest.

So the only way that you can truly find res judicata that would work against me is that you believe that Judge Indeglia's Decision actually addressed the question lease versus executory contract. And I would submit to you that just by looking at his words, that's not the answer to the question because he was simply referring to the name of the document.

I don't deny the fact the documents were called leases. They were called leases. But I would submit to you there is nothing that you could find in there that would address that question.

Why? Because by the time I got to trial, it was immaterial. I had lost. I didn't get the expedited trial. I didn't get the rent during pendency of the appeal. And I didn't get the bond. So I had lost those things. It was no longer important. And that was not an issue that he specifically addressed.

So if the answer to your question is is res judicata effected here? Yes. But I would say it's contrary to what Mr. Ferrucci says. I think it's already been conclusively adjudicated. That wasn't a lease of personal property involving possession. I lost those issues.

JUDGE: And you think that there's -- are you arguing that in the Judge Indeglia's ruling that, and in his Decision overall, that there's any room or basis for viewing it as though he treated these transactions as contracts rather than leases?

MR. WIECK: I'm telling -- what my argument, Your Honor, is, you can't tell. You can't read his Decision in any way to find anything in there where he made a specific reference or a specific finding or a specific conclusion where it's either "A" or "B".

Executory contracts that were breached. Leases that were terminated. He never addressed that. Nobody put that issue before him. I didn't think it was important at the time. I'm sure Joe Cavanaugh didn't think it was important at the time. And I'm sure he didn't think it was important at the time. Why? Because those -- that water was already

over the dam. That was done.

So I'm not suggesting to you that you should read that and find that he found that they weren't leases, but executory contracts. I'm not suggesting that. I'm suggesting you can't find anything in there where he specifically addressed that point.

And if you look at the trail of the case and the prior Decisions, which become final as a result of this, the only Decisions that were made actually were adverse to the point of it being a lease in the three that I've identified for you.

So that's my response on that. I'm not suggesting you can read that where he said they're executory contracts are not leases. What I'm saying is you can't read it to address that point whatsoever.

JUDGE: Thanks. Anything further?

MR. FERRUCCI: Very quickly, Your Honor.

You file eviction actions, Your Honor, in the District Court to evict tenants consistent with leases. And that was the genesis of this proceeding, Your Honor.

With respect to the language that Justice

Indeglia uses -- I think the word was, you know, loosely back and forth -- throughout the Decision, Your Honor, it's evident if you read it closely that the Judge was very careful to use the word lease when he intended it and use the word agreement or amendment when he intended it.

And look no further than paragraph two of the Findings of Fact and Conclusions of Law wherein the Court determined that there was an amendment to the lease to include an agreement that if the lessee encountered delays in the process of obtaining permits, the lease commencement date for minimum base rent would be extended accordingly.

So from our perspective, there's absolutely no doubt that what Judge Indeglia was dealing with here was a breach of a lease. He concluded that. I mean, I don't think you can get any clearer than paragraph one of the Decision. Both leases are for five-year period.

And particularly, Your Honor, you know, if you take a look at again the basis that was ultimately why the Court concluded that it did, it was based on the fact that the Complaints that were filed below were based upon trespass and ejectman

pursuant to the Commercial Landlord Tenants Act.

And I think most telling is the fact that even the claims submitted by the claimants here, the attachment outlines the damages in terms of rent due, in additional rent due.

So for those reasons, Judge, we've been very detailed in our first presentation to the Court. The fact is that these were leases. The old expression, if it looks like a duck, quacks like a duck, walks like a duck, it's a duck.

Judge Indeglia decided that, and just as easily for Mr. Wieck to say that Gencarelli was arguing that these were not leases, he was arguing the alternative. And he won.

Thank you, Judge.

JUDGE: I'm tempted to take this under advisement and look at things more carefully than we do when we're on the bench, or at least less of a rush. But I do think it would serve no purpose than recognize -- I'll start right out by again, I said this before, removing anything that might sound like suspense for anybody concerned.

I'm going to find for the debtor's motion to limit the allowance of claims for the reasons

argued by Mr. Ferrucci. Basically his written argument and his oral arguments here are basically adopted and incorporated by reference into this bench ruling.

As to basically all the points, including the damages calculation and the effective dates, Mr. Wieck has certainly argued forcefully and it's very, how can I say, not easy to dismiss a forceful argument. But when you consider the substance of it, it just doesn't cut it.

I looked at the Superior Court Decision by Judge Indeglia and although he maybe did not use the words of art that Mr. Wieck argues are missing as far as addressing the lease versus the contract issue, I think anybody would be hard-pressed to look at this Decision and say that Judge Indeglia was not referring to and basing his rulings on the fact that he was dealing with leases. It just can't come out any other way.

The Section 105 argument, I must say I've been, I'll say it bluntly, I've been suckered into thinking that Section 105 is a cure for many, many problems and cases that the Court feels shouldn't come out this way.

And frankly, I'm really tired of hearing the word of Appellate Courts telling me that I don't have a roving commission to do equity. I hate those words. They're ugly words.

But as I say, I have, especially in the early days of Section 105 before Appellate Courts had really made their positions clear on this and made it easier frankly for the Bankruptcy Courts to obey those teachings, but I can't knowingly -- you know, I've made mistakes many times and made incorrect rulings. But not knowingly, okay. That's my defense.

So for all the reasons that have been argued, I'm not going to repeat them. As I say, Mr. Wieck has put his client's best foot forward in a very eloquent way, in a forceful way, but he's not a magician and he can't change these are the facts and these are the results here.

And I realize that losing on arguments is three strikes that he referred to probably are frustrating as when you get to this point in a case. I really don't think there is anything the Court can do about this. Whether it would like to or should is another question. It's not relevant, and I

refuse to I guess even think about it.

So Mr. Ferrucci, you can draft an order.

MR. FERRUCCI: Thank you, Your Honor.

JUDGE: And your objections, Mr. Wieck, are all noted.

MR. WIECK: Thank you.

(TAPED HEARING CONCLUDED)

C E R T I F I C A T E

I, Renee Cockerill, hereby certify that the foregoing is a true, accurate, and complete transcription of a cassette tape as presented to me for the above-entitled hearing.

RENEE COCKERILL
AUDIO CASSETTE TRANSCRIBER

IN RE: LOUIS A. GENCARELLI, SR.
September 22, 2004