UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| 1500 MINERAL SPRING ASSOCIATES, LP, ET. AL, Appellants, | |
| vs. | C.A. No. 04-496T<br>C.A. No. 05-09T<br>C.A. No. 05-10T |
| LOUIS A. GENCARELLI, SR., Appellee. | (Bk. No. 04-10682) |

**APPELLANTS' CONSOLIDATED RECORD ON APPEAL**

Pursuant to this Court's Order entered on July 5, 2005, Appellants, 1800 Smith Street Associates, LP and 1500 Mineral Spring Associates, LP, by and through their General Partner, Jason's Realty Corp. (collectively, the "Creditors"), hereby designate the following items to be included in the record on appeal with respect to the three (3) above-referenced bankruptcy appeals:

INDEX OF EXHIBITS
Volume I

1. Asset Purchase Agreement dated February 27, 2004 ("Purchase Agreement") (without the attached Schedules), by and between Tim Horton's (New England) Inc. ("Horton's"), Louis A. Gencarelli, Sr. ("Gencarelli") individually, and his family business Bess Eaton Donut Flour Company, Inc. ("Bess Eaton").
2. Individual Guaranty executed by Gencarelli dated February 27, 2004.
3. Voluntary Chapter 11 Bankruptcy Petition filed by Bess Eaton with the U. S. Bankruptcy Court for the District of Rhode Island ("Bankruptcy Court") on March 1, 2004.

SCANNED

14

4. Voluntary Chapter 11 Bankruptcy Petition filed by Gencarelli with the Bankruptcy Court on March 3, 2004.
5. Gencarelli's individual Bankruptcy Schedules and Statement of Financial Affairs filed with the Bankruptcy Court on March 23, 2004.
6. Order entered by the Bankruptcy Court on March 18, 2004, approving the procedures for the sale of substantially all of Bess Eaton's assets to Horton's pursuant to the Purchase Agreement, and scheduling a hearing date of April 23, 2004 to, *inter alia*, authorize the actual sale to Horton's and authorize the payment of certain secured claims from the sale proceeds at the closing with Horton's.
7. Decision of the Rhode Island Superior Court (Justice Indeglia) in favor of the Creditors dated March 26, 2004.
8. Proofs of Claim filed by each of the Creditors with the Bankruptcy Court on April 12, 2004.
9. Orders entered by the Bankruptcy Court on April 23, 2004, *inter alia*, authorizing the sale of substantially all of Bess Eaton's assets to Horton's and authorizing the payment of claims to a substantial number of creditors.
10. Consent Order entered by the Bankruptcy Court on June 15, 2004, granting to each of the Creditors relief from the automatic stay imposed by 11 U.S.C. §362(a).
11. Rhode Island Superior Court Judgments entered in favor of the Creditors on June 24, 2004 in C.A. Nos. 00-1732, 00-3174, 00-3175.
12. Objection By Official Committee Of Unsecured Creditors To Debtors' First Application For Allowance Of Claims And Distribution To Creditors, dated June 28, 2004.

13. Order Overruling Creditors' Objection To Debtors' Request For An Order Allowing Claims And Authorizing Distribution To Creditors, entered by the Bankruptcy Court on July 23, 2004.

14. Order Granting Debtors' First Application For Allowance Of Claims And Distribution To Creditors, entered by the Bankruptcy Court on July 23, 2004.

15. Consent Order entered by the Bankruptcy Court on August 17, 2004, preserving Creditors' Proofs of Claim as filed.

16. Motion of Gencarelli to Limit the Allowance of Claims filed by the Creditors, and a Memorandum and Exhibits in support, dated August 12, 2004.

17. Objection of Creditors to Gencarelli's Motion to Limit the Allowance of Claims of the Creditors, and a Memorandum and Exhibits in support, dated and filed August 26, 2004.

<u>Volume II</u>

18. Gencarelli's Motion for Expedited Hearing Upon his Motion to Limit the Allowance of Claims filed by the Creditors, and a Memorandum in support, dated August 30, 2004.

19. Gencarelli's first Motion For Authority To Release A Portion Of Excess Sales Proceeds, and a Memorandum and Exhibit in support, dated October 27, 2004.

20. Creditors' Objection To Gencarelli's first Motion For Authority To Release A Portion Of Excess Sales Proceeds, dated and filed November 2, 2004.

21. Creditors' Motion To Dismiss Gencarelli's Individual Bankruptcy Petition For Lack Of Good Faith, and a Memorandum in support dated and filed November 2, 2004.

22. Transcript of the hearing held before the Bankruptcy Court on November 3, 2004, wherein the Bankruptcy Court granted Gencarelli's first Motion for an interim distribution of sales proceeds and summarily denied the Creditors' Motion to Dismiss.

23. Order entered by the Bankruptcy Court on November 3, 2004, granting the first Motion for an interim distribution of $500,000 to Gencarelli.

24. Order and Judgment entered on November 10, 2004 by the Bankruptcy Court denying the Creditors' Motion To Dismiss Gencarelli's Individual Bankruptcy Petition For Lack Of Good Faith.

25. Creditors' Notice of Appeal dated and filed November 19, 2004, and Motion for Leave to Appeal from the Order and Judgment entered by the Bankruptcy Court on November 10, 2004 denying the Creditors' Motion To Dismiss, together with a supporting Memorandum and Exhibits (C.A. No. 04-496T).

26. Order and Judgment entered on November 22, 2004 by the Bankruptcy Court granting Gencarelli's Motion to Limit the Allowance of Claims of the Creditors, together with the appended transcript of the hearing held before the Bankruptcy Court on September 22, 2004.

27. Debtors' Certification of Payments to Creditors, dated November 29, 2004.

28. Creditors' Notice of Appeal dated and filed December 2, 2004, from the Order and Judgment entered by the Bankruptcy Court on November 22, 2004 granting Gencarelli's Motion to Limit the Allowance of Claims of the Creditors (C.A. No. 05-09T).

29. Gencarelli's second Motion For Authority To Release A Portion Of Excess Sales Proceeds, and a Memorandum in support, dated December 10, 2004.

30. Gencarelli's Motion For An Expedited Hearing Upon His second Motion For Authority To Release A Portion Of Excess Sales Proceeds, and a Memorandum in support, dated December 10, 2004.

31. Supplement to Gencarelli's second Motion For Authority To Release A Portion Of Excess Sales Proceeds, dated and filed December 15, 2004.

32. Creditors' Objection To Gencarelli's second Motion For Authority To Release A Portion Of Excess Sales Proceeds, dated and filed December 20, 2004.

33. Gencarelli's Response to Creditors' Objection To Gencarelli's second Motion For Authority To Release A Portion Of Excess Sales Proceeds, with attached Exhibits, dated December 23, 2004.

34. Order and Judgment entered on December 29, 2004 by the Bankruptcy Court overruling the Creditors' Objection to Gencarelli's second Request for Authority to Release Funds, and granting the second interim distribution of $2.5 Million Dollars to Gencarelli.

35. Creditors' Notice of Appeal dated and filed January 6, 2005, and Motion for Leave to Appeal from the Order and Judgment entered by the Bankruptcy Court on December 29, 2004 overruling the Creditors' Objection to Gencarelli's second Request for Authority to Release Funds, together with a Memorandum and Exhibits in support (C.A. No. 05-10T).

36. Decision and Order entered by the Bankruptcy Court on January 19, 2005, denying UPS Capital Business Credit's Claims.

1500 MINERAL SPRING ASSOCIATES, LP, and
1800 SMITH STREET ASSOCIATES, LP, by and
through their General Partner JASON'S REALTY
CORP.

By their Attorneys,

Denean M. Russo

Robert D. Wieck, Esq. #1739
Attorney Denean M. Russo #5043
MacAdams & Wieck Incorporated
101 Dyer Street, Suite 400
Providence, Rhode Island 02903
(401) 454-8700
(401) 454-8755 (facsimile)
Dated: July 11, 2005

**CERTIFICATION**

I hereby certify that a true copy of the within Appellants' Consolidated Record on Appeal was hand delivered on this 11th day of July 2005, to the following:

Joseph Ferrucci, Esq.
Christopher Mulhearn, Esq.
Ferrucci Russo P.C.
55 Pine Street
Providence, RI 02903

Leonard J. DePasquale, Esq.
Assistant United States Trustee
10 Dorrance Street
Suite 910
Providence, RI 02903

Michelle B. Daugherty

G:\Sisto, Bennie\Gencarelli, Louis A. Sr\BANKRUPTCY PLEADINGS\Appellants' Consolidate Record on Appeal 071105.doc

FILED